# Mobile & Birmingham Railway Company v. Holborn.

*Action against Railroad Company by Employe for Personal Injury.*

1. *Master and servant; injury to railroad employe; burden of proof.* In an action under § 2590, Code of 1886, by railroad employe against the company for personal injury received in his duty of moving cars, the burden of proving negligence on the part of the company lies on the plaintiff.

2. *Same; defective appliances; knowledge thereof by master.*—In an action under § 2590, Code of 1886, by employe against railroad company for personal injury, although the employe, knowing of the defect or negligence which caused the injury, failed to notify the company thereof, yet, if the company was aware of such defect or negligence, it can not set up that the employe, by continuing in the work has thereby waived his right to sue for damages for injuries received in such employment. (Abolishing the rule in *Eureka Co. v. Bass*, 81 Ala. 200.)

3. *Same; contributory negligence.*—In an action under § 2590, Code of 1886, by employe against railroad company for personal injury, the defense of contributory negligence is open to the employer; but the mere fact that the employe has performed work knowing it to be dangerous, does not of itself constitute contributory negligence; it must appear that he performed the dangerous work in a negligent manner.

4. *Erroneous charge.*—A charge which asserts the right of plaintiff to recover on facts hypothetically stated, but ignoring other facts, of which there is evidence, and which if found by the jury show the incorrectness of the legal conclusion asserted in the charge, is erroneous.

APPEAL from Mobile City Court.
Tried before Hon. O. J. SEMMES.

GAYLORD B. CLARK, F. B. CLARK, Jr., and LEVERT CLARK, for appellant, cited *M. & O. R. R. Co. v. Thomas*, 42 Ala.

[Mobile & Birmingham Railway Co. v. Holborn.]

672; *M. & M. R. R. Co. v. Smith*, 59 Ala. 245; *Smool v. M. & M. R. R. Co.* 67 Ala. 13; *Bull v. M. & M. R. R. Co.* 67 Ala. 206; *L. & N. R. R. Co. v. Allen*, 78 Ala. 494; *Eureka Co. v. Bass*, 81 Ala. 200; *Farwell v. B. & C. R. R.* 4 Met. 49.

G. L. & H. T. SMITH, *contra*, cited Code of 1886, § 2590; Acts of 1886–7, p. 146; *R. R. Co. v. Williams*, 53 Ala. 595; *R. R. Co. v. Bayliss*, 74 Ala. 159; *R. R Co. v. McAlpine*, 75 Ala. 118; *Goodlett v. Kelly*, 74 Ala. 219; 2 Thompson on Neg. 1246; *Taylor v. Holman*, 45 Mo. 371; *McCord v. High*, 24 Iowa, 336; *Panton v. Holland*, 17 John. 92; *Patterson R. R. Acc. Law*, 349; Wood's Master & Servant, §§ 349, 352; Sutherland on Damages, 3 vol. 259; *R. R. Co. v. McLendon*, 63 Ala. 273; *Barbour v. Horn*, 48 Ala. 566.

CLOPTON, J.—This case brings for construction the act of February 12, 1885, entitled "An act to define the liabilities of employers of workmen for injuries received by the workman, while in the service of the employer," which, with some alterations in verbiage, is incorporated in section 2590 of the Code of 1886.  Being in derogation of the common law, the inference is, that the terms of the act clearly import the changes intended, and their operation will not be enlarged by construction further than may be necessary to effectuate the manifest ends.  Notwithstanding, a narrow and restrictive view of the act should not be taken.  In its construction the court should consider its objects, have regard to the intentions of the legislature, and take a broad view of its provisions, commensurate with the proposed purposes. The doctrine, that prevailed prior to its passage, had been carried to an extent which met with disfavor; and the tendency of the legislation has been, in many of the States, to abrogate as to particular corporations, or to modify as to all masters or employers, the rules which had governed their non-liability.  Our statute, as far as it goes, is a substantial copy of the English act, entitled the "Employers' Liability Act;" some of the provisions of which had previously received a judicial construction.  Its enactment by the legislature, in substantially the same language, is persuasive of a legislative adoption of that construction.

The act provides:  "When a personal injury is received by a servant or employe in the service or business of the

[Mobile & Birmingham Railway Co. v. Holborn.]

master or employer, the master or employer is liable to answer in damages to such servant or employe, as if he were a stranger, and not engaged in such service or employment," in five specified classes of cases.   The primary and general purpose of the statute is, to abolish, in the specified cases, the rule which exempted employers from liability to answer in damages for an injury suffered by the negligence of a co-employe.   When the employe, who is injured, and the employe, whose negligence causes the injury, are of the same grade, and as to all employes, who do not come within either of the specified classes, the common law rules still apply.—*Griffiths v. Earl of Dudley*, 9 Q. B. Div. 357.   The statute gives the employe a right of action in the enumerated cases as if he were one of the public suing, not a passenger, but rightfully and lawfully on the premises of the employer, and takes away the defense of common employment, which he previously had.

The only qualification of the general liability imposed by the first clause, under the second and third subdivisions, is that provided by the subsequent provision, as follows: "But the master or employer is not liable under this section, if the servant or employe knew of the defect or negligence causing the injury, and failed within a reasonable time to give information thereof to the master or employer, or to some person superior to him engaged in the service or employment of the master or employer, unless he was aware that the master or employer or such superior already knew of such defect or negligence."   This provision gives to the employer the defense, that the employe knew of the defect or negligence, and failed to communicate the fact, which the employe can avoid only by showing that he was aware that the employer, or a superior in the employment, already knew of the defect or negligence.   Proof of the latter fact is a full answer to the special defense thus given to the employer, who is not permitted to rejoin the employe's continuance in service after failure to remedy the defect or negligence in a reasonable time.   If the master or employer is aware of the defect or negligence, he is answerable in damages.   The effect is, to take from the employer the defense that the employe impliedly contracted to assume the known and ordinary risks incident to the employment, and to give in lieu thereof, as a special defense, that the employe had knowledge of the defect or negligence, of which the employer is ignorant, and failed to give information thereof.   But no lia-

bility arises under the statute for injuries caused by the known and ordinary risks of the employment, without negligence on the part of the employer, or of some person entrusted by him with superintendence or with authority to give orders or directions.    If it was intended in *Thomas v. Quartermaine*, 18 Q. B. Div. 685, to apply the maxim, *volenti non fit injuria* to the case of a defect of which the employer was aware and negligently failed to remedy, we are not willing to adopt such construction of the statute.    The further result is to abolish entirely the rule, as held in *Eureka Co. v. Bass*, 81 Ala. 200, that the employe's continuance in service, after objection and notice and the failure of the employer to remedy the defect or negligence, is a waiver, and, in such case, an assumption of the known risks, as increased by the defect or negligence.    The intention is to prevent injustice to the employer which would ensue from holding him responsible for the result of a defect or negligence, unknown to him, but known to the employe, and to remedy the injustice to the employe, of requiring him to abandon his employment, in consequence of the employer's willful or negligent omission to remedy the defect or negligence in a reasonable time after notice thereof.

The expression, "as if he were a stranger," is inapt, and literally interpreted would put the employe in the position of a trespasser, or mere licensee; but it is apparent that such is not the intention, shown by the succeeding words, "and not engaged in such service or employment."    The purpose of the statute is, to protect the employe against the special defenses growing out of, and incidental to, the relation of employer and employe; and the result is to take from the employer such special defenses, but to leave him all the defenses which he has by the common law against one of the public, not a trespasser, nor a bare licensee.    Under the statute the defense of contributory negligence is open to the employer.—*Weblin v. Ballard*, 17 Q. B. Div. 122.    The general charge of the court is in accord with these views.

The first count of the complaint is not framed under the statute.    The second count is framed under the second subdivision of the section, which is:    "When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence entrusted to him, while in the exercise of such superintendence."    And the third count is framed under the third subdivision, which reads as follows:    "When such

[Mobile & Birmingham Railway Co. v. Holborn.]

injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose orders or directions the servant or employe, at the time of the injury, was bound to conform, and did conform, if such injuries resulted from having so conformed." These counts allege, that the plaintiff, at the time of the injury, was engaged as an employe of defendant in pushing some cars over the track of the road for the purpose of loading them, while other cars used in the same business and for the same purpose, were being pushed in the rear, under the orders or directions of another employe of defendant, to whom the superintendence of moving and loading the cars had been entrusted, and to whose orders the plaintiff was bound to conform.

In answer to the complaint, the defendant set up, specially, that the plaintiff knew the manner in which the cars were being operated, and the orders and directions of the employe, to whom the superintendence was entrusted, a sufficient time before the occurrence of the injury to permit him to withdraw from the service, and that the dangers incident thereto, and likely to grow out of conformity to such orders or directions were obviously manifest to plaintiff, who continued in the employment and to perform the service. The proposition of the plea is, that an employe, who engages to do service which is obviously dangerous, and continues in such service, either impliedly contracts to assume the manifest or incidental risks, or is guilty of contributory negligence. The first defense, as we have shown, can not be set up under the statute: and, as is said substantially in *Weblin v. Ballard, supra:* The mere fact that the plaintiff knew that the work was manifestly dangerous of itself, does not constitute contributory negligence. If it is shown that he used that which was dangerous in a negligent manner, this would be contributory negligence.

There is evidence tending to show that the plaintiff selected a dangerous way to push the cars, when there was a safe way to do the work. If this evidence is believed, plaintiff's own negligence contributed to his injury, and constitutes a full defense to the action. The second, third and fourth charges, given at the instance of the plaintiff, ignore the defense of contributory negligence, and withdrew from the consideration of the jury the evidence tending to prove it. A charge which asserts the right of the plaintiff to recover on facts hypothetically stated, but ignoring other facts

of which there is some evidence, and which, if found by the jury, show the incorrectness of the legal conclusion asserted in the charge, is erroneous.—*Thompson v. Duncan*, 76 Ala. 334.

In *L. & N. R. R. Co. v. Allen*, 78 Ala. 494, it was held, that where an employe sues, the burden of proof is on the plaintiff to prove negligence. It is not controverted that this was the rule, but it is insisted that the act of February 28, 1887, amending section 1700 of the Code of 1876, changes the rule. The amendatory act provides: "When any person or stock is killed or injured, or other property damaged or destroyed by the locomotive or cars of any railroad, the burden of proof is on the railroad company to show that the requirements of the preceding sections were complied with at the time and place, when and where the injury was done."—Acts 1886-87, 146. The preceding sections referred to, require the engineer to blow the whistle or ring the bell at certain times and places, and to stop the train on perceiving any obstruction on the track, or where two roads cross each other, and require the company to put up signal boards at public crossings. The amendatory act has no application to cases like the present. The enlarged right of action of an employe is conferred by statute. To entitle him to recover by virtue of the statute he must aver and prove a case within its provisions and operation. He holds the affirmative of each of the statutory propositions, on which his right of recovery depends; and the general rule applies that the burden of proof is on the party holding the affirmative. The court erred in refusing to give the charge requested by the defendant, in respect to the burden of proof.

Reversed and remanded.