# Tuck, Adm'r, *v.* Louisville & Nashville Railroad Co.

*Action for Injuries Causing Death of Employee.*

1. *Defects in machinery, &c.; burden of proof.*—Where the proof shows that after a freight train had proceeded eighty miles, it parted by reason of a tail bolt, which held the cars together, drawing out, and that this was not an unusual occurrence on all the well regulated railroads, the tail bolt being such as is used on such roads; the mere fact of such separation of the train is not an evidence of a defect in the machinery of defendant.

[Tuck, Adm'r, v. Louisville and Nashville R. R. Co.]

2. *Same; negligence in failing to discover defects.*—In such case when there is an entire absence of evidence showing that the defendant had knowledge of the condition of the tail bolt at the time of the separation of the train, there is no presumption of negligence on the part of the defendant.

3. *Same; proximate cause.*—Where the evidence shows that a freight train on which plaintiff's intestate was a brakeman, separated into two parts after a journey of eighty miles, and the only evidence of the cause of the injury is, that part of the clothing of the deceased was found on the brake-beam of the car next to the one where the separation occurred, and that he had been run over by the train; these facts show that the parting of the train could not have been the proximate cause of the injury.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by J. M. Tuck, as administrator, etc., against the Louisville and Nashville R. R. Co., to recover damages for negligence causing the death of Walter I. Wilkes. The court gave the general affirmative charge in favor of the defendant.

TALIAFERRO & HOUGHTON, for appellant, insisted that the question of negligence should have been submitted to the jury, citing *Burns v. Chicago R. R. Co.*, 69 Iowa, 450 ; 28 Am. & Eng. R. R. Cas. 409 ; 14 Am. & Eng. Ency. 869 ; that there are cases in which the happening of an accident raises the presumption of negligence ; see notes to *Huey v. Gahlenbeck*, 6 Am. St. Rep. 790.

HEWITT, WALKER & PORTER, for appellee, cited *R. R. v. Davis*, 91 Ala. 497.

HEAD, J.—The only assignment of error involves the propriety of the affirmative charge given at the request of defendant.

Appellant sues as administrator of Walter I. Wilkes, to recover damages for injuries sustained by his intestate, while in the employment of the defendant as a brakeman, resulting in his death. The complaint contains two counts. The first charges that the injury was caused by a defect in one of the freight cars used on defendant's road, which arose from, or had not been remedied owing to the negligence of defendant, or of the car inspector, or of the person in the service of defendant, entrusted with the duty of seeing that the car and its coupling apparatus were in proper condition. The alleged defect consisted in the absence or loss of the key to the tail-bolt, which formed a part of the draw-head of the car, whereby it was left unfastened, insecure and un-

safe. The count is framed under sub-division one of section 2590 of the Code.

It is well settled by our decisions, that proof of each and all of the following propositions is essential to the right of recovery under this count of the complaint. First, the existence of a defect in the ways, works, machinery or plant connected with, or used in the business of defendant; second, that such defect arose from, or was not discovered or remedied, owing to the negligence of defendant, or of an employee charged with the duty of seeing that they were in proper condition; and third, that such defect was the proximate cause of the injury.—*Mo. & Bir. R'wy Co. v. Holborn,* 84 Ala. 133; *Lou. & Nashville R. R. Co. v. Davis,* 91 Ala. 487; 8 So. Rep. 552; *M. & O. R. R. v. George,* 94 Ala. 199. Unless there is evidence tending to prove all of the foregoing propositions, the court may properly charge the jury that the plaintiff is not entitled to recover under the first count. There is no conflict in the evidence.

As to the defect: The evidence shows that the train which started at Birmingham going towards Montgomery, while going down grade at a place known as Elmore Hill, separated into two parts, and when stopped at the station, it was discovered that the separation of the train was caused by the loss of the tail-bolt. There is no testimony as to the condition of the bolt when the train started from Birmingham, or any time before or after the accident, or tending to show a defect in the coupling appliances, except as inferable from the mere parting of the train. Between Birmingham and Elmore Station, a distance of about eighty miles, the train had gone up grade at many places, and the evidence shows that if the key to the tail-bolt was out of place the train would of necessity have parted while going up grade. The bill of exception states there was no evidence when, or at what place the key of the tail-bolt was lost. In the absence of such evidence, the inference is, that it got out of place just before the train parted. The evidence further shows, that appliances of the same kind are used on well-regulated railroads, and that the keys often pull out, letting the trains part on all railroads. These facts are inconsistent with any reference of a defect in the coupling appliances from the mere separation of the train.

As to the second proposition. Examination of the record discloses an entire want of evidence, having tendency to show that the defect, if any, arose from the negligence of defendant, or of any employee charged with the duty of seeing that the machinery was in proper condition, or was

[Tuck, Adm'r, v. Louisville and Nashville R. R. Co.]

not discovered or remedied because of the negligence of defendant, or of such employee. In a case like the present, there is no presumption of negligence, and when there is no evidence having tendency to show it, no recovery can be had.—*L. & N. R. R. Co. v. Davis, supra.*

As to the third proposition : The evidence is, that when the signal for brakes was given, plaintiff's intestate left the caboose, in which he was, went to the top of the cars for the purpose of putting on the brakes, and started towards the front part of the train ; he was seen to pass over the car, and his lantern was seen near the middle of the train ; this was the last seen of him. Two brakes had been set on the first and second cars next to the front car of the rear section. There was no brake on the front end of the front car of the rear section. When the train stopped at Elmore Station it was discovered that plaintiff's intestate was missing, and search being made, his body was found a few hundred yards north of the station, so mutilated as to indicate it had been run over by the cars. No one saw him fall from the train, or testifies as to how the accident occurred. The bill of exceptions states : "The evidence introduced by plaintiff further tended to show that some of the clothing of plaintiff's intestate was found on the brake-lever of the front car of the rear part of the train." As it also states, "there were no brakes on the two ends of the cars at the place where the train parted,"—we understand that the brake on which the clothing was found, was at the rear end of the front car of the rear section. If this be so, plaintiff's intestate must have fallen, or been thrown off by some means before reaching the place where the cars parted ; consequently, the parting of the train could not have been the proximate cause of his injury.

Defendant introduced no testimony. A careful review and examination brings us to the conclusion that the injury was the result of an accident unexplainable, but for which defendant is not responsible, also, that the evidence is not of the character which calls for submission of any questions of fact to the jury. The evidence being free from conflict or doubt and not resting in inference, the court did not err in charging upon its effect, referring its credibility to the jury.

The second count charges that the injury was caused by the negligence of the car inspector or other person, to whom was entrusted superintendence of the cars and their safe condition. There is not a particle of evidence tending to show any fact material to plaintiff's recovery under the second count.

This opinion was prepared by the late Justice Clopton, and was adopted by the court.

Affirmed.