# Louisville & Nashville R. R. Co. *v.* Binion.

*Action of Damages by Employee against Employer for Personal Injuries.*

1. *Judicial knowledge; what is not.*—The court can not be supposed to be familiar with the mechanical contrivance known as 'a brake' on a railroad car, nor when or how it is liable to become out of repair; nor can it be presumed to know what causes it to "stick." These are not matters either of judicial, or common knowledge.

2. *Burden of proof on the plaintiff under § 2590 of Code.*—Where an action for damages is brought by an employee under § 2590 of Code, for injuries received by the plaintiff, on account of defects in the brake of a railroad car, or its attached machinery, the burden is on the plaintiff to satisfy the jury of the existence of such defects at the time the train was made up, or at the station where it could have been inspected, that such defects were known to the railroad's employees, whose duty it was to look after them, or would have been discovered by the exercise of proper diligence, and, that such defects directly caused the injuries complained of.

3. *When general charge for defendant may be given.*—Where suit is

brought by an employee against a railroad company, under § 2590 of Code, to recover damages received on account of a defective brake on the car, and no evidence is adduced tending to show that plaintiff's injuries were, in any way, contributed to by any particular defective brake, or that the special brake at which he received his injuries was in any way out of order. *Held*, that the general charge for the defendant should be given.

APPEAL from Montgomery Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

Upon the trial of this case, the facts of which are fully set out in the opinion, and after all the evidence was before the jury, the defendant asked, first, for the general charge, which was refused, and the defendant excepted. The defendant then asked, among others, the following charges, which were in writing : 2. "If the jury believe the evidence of the plaintiff, Binion, they must find for the defendant." 3. "If the jury believe from the evidence that when defendant's engine called for brakes, that Binion, the plaintiff, applied the brakes on the car from which he fell, and that said brakes performed the service for which they were attached to the car, and that when defendant's engine called the brakes off, that Binion attempted to let the brakes off and failed, but found it tight and in consequence thereof the car was jumping ; that he made a second attempt to release the brake but failed, and that he then put down his lamp, and at a third time attempted to release the brake, and this time succeeded, and in doing so he fell from the car and received the injuries of which he complains, then the jury must find for the defendant." 12. "If the jury believe from the evidence, that when the plaintiff started to loose the brake, he discovered that there was something wrong with the brakes, and that there was danger in attempting to turn the brake loose without help, then if he failed to ask for help, and was injured in consequence thereof, he so far contributed to his own injury as to prevent any recovery in this case, and the jury must find for the defendant." 13. "When the plaintiff discovered, as he alleges, that there was something wrong with the brake, and he did not then choose the safer plan of releasing the brake, he was guilty of contributory negligence, and can not recover." 17. "If the jury find from the evidence, that the plaintiff, in attempting to turn loose the brake, after having applied the same, lost his balance and fell from the car, and thereby sustained his injuries, then they must find for the defendant." 19. "If the jury believe from the evidence, that when a brake is stuck that it requires extraordinary care to turn it loose, and if the jury find that the brake in question was stuck when he (plaintiff) attempted to turn

[Louisville and Nashville R. R. Co. v. Binion.]

it loose, and this fact became known to plaintiff when he attempted to loose it, then it became the duty of the plaintiff to use extraordinary care in turning it loose, and if he could have gotten it loose with safety by calling aid for that purpose, it was his duty to have done so, but if he failed to call for help, but attempted without help to get the brake loose, and if it was a dangerous thing to do, then, in not calling for help, and in attempting to loose the brake by himself, he so far contributed to his own injury as to prevent any recovery, in his behalf, and the jury must find for the defendant." 20. "The defendant is not liable even if the jury believe there was a defect in the brake, unless the jury further find from the evidence that the defendant's inspector at Mobile was negligent in not discovering it." 27. "If the plaintiff discovered that the brake which he alleges threw him off the car, was defective, and failed to notify the defendant of such defect, he can not recover, unless he knew the defendant was already aware of the defect." Each of these charges was successively refused by the court, as it was asked, and the defendant separately excepted thereto, and assign the same as error on this appeal.

J. M. FALKNER, and CHAS. P. JONES, for appellant, cited, *Layman v. McQueen*, 65 Ala. 570; *McWilliams v. Phillips*, 71 Ala. 80; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *Mobile & Birmingham R. R. Co. v. Holburn*, 84 Ala. 133; *L. & N. R. R. Co. v. Campbell*, 97 Ala. 147; *Tuck v. L. & N. R. R. Co.* 98 Ala. 150; *Copeland v. Memphis & Charleston R. R. Co.* 61 Ala. 376; *L. & N. R. R. Co. v. Allen Adm'r*, 78 Ala. 494; *South & North Ala. R. R. Co. v. Schaufler*, 75 Ala. 136; *Tyree v. Lyons, Murphee & Co.* 67 Ala. 1; *Scarborough v. Malone, et als.* 67 Ala. 570; *Smoot v. Mobile and Montgomery R. R. Co.* 67 Ala. 19; *Mobile & Ohio R. R. Co. v. George,* 94 Ala. 218; *Highland Av. & Belt R. R. Co. v. Walters*, 8 So. Rep. 357.

CHAS. WILKINSON, for appellee, cited, *Leach v. Bush,* 57 Ala. 145; *M. & M. R. R. Co. v. Crenshaw,* 65 Ala. 563; *S. & N. R. R. Co. v. Bees,* 82 Ala. 340; *Western R. R. Co. v. Lazarus,* ———; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241; *Wilson v. L. & N. R. R. Co.* 85 Ala. 271; *A. G. S. R. R. Co. v. Jones,* 71 Ala. 487; *E. T. V. & G. R. R. Co. v. Baliss,* 74 Ala. 150; *Lyon v. Kent,* 45 Ala. 656; *Snyder v. Burk,* 84 Ala. 53; *Tyree v. Lyon,* 67 Ala. 1; *Talladega v. Peacock,* 67 Ala. 253; *A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9; *A. G.*

[Louisville and Nashville R. R. Co. v. Binion.]

*S. R. R. Co. v. Frazier*, 93 Ala. 45; *Callan v. McDaniel*, 72 Ala. 96; *Hodges v. Coleman*, 76 Ala. 103.

STONE, C. J.—Binion, plaintiff in this suit, was brakeman on a freight train of the appellant railroad company. While in the discharge of his duties as brakeman he fell from the top of one of the box cars, and was so injured that he lost his arm. The present suit was instituted under the employers' act—Code of 1886, § 2590—and seeks to re-cover damages for the injury suffered. The complaint consists of a single count, with amendments. It charges that the injury was caused "by reason of a defect or defects in the ways, works, machinery and brakes connected with, or used in the business of said defendant; and plaintiff alleges that the brake or brakes on said railroad car, or box car, was defective, and plaintiff did not know of said defect in said brake or brakes on said car; that the brake and appliance on and attached to the box car, from which plaintiff was thrown, was defective in this: That the dog, ratchet, chain-rod, or shoes of said brake were so defective, or so worn, as to be inoperative and ineffective for the pur-pose for which they were attached to said car. That the said brakes were defective in some part, so that plaintiff while engaged in and about his duties as brakeman, and while trying to execute the duties required of him as brake-man in letting down said brakes, was thrown from the top of said car, right arm cut off and injured as aforesaid, by reason of the defect in said brakes. That said defect in said brakes was not discovered owing to the negligence of the said defendant, or of the parties in the employ or ser-vice of the said defendant, intrusted with the duty of seeing that the ways, works and machinery of defendant were in proper condition. That said brake on said car was de-fective in this, that the chain thereto attached was worn or broken, and while said brake was set up, and while plaintiff was trying to let down said brake, the said chain broke or gave way; that said defect could have been dis-covered and fixed by defendant and its employees intrusted with said duty, but they negligently failed to do so, and by reason of said negligence plaintiff was injured as aforesaid. And plaintiff further avers that said brake was defective in this, that the lever attached to the brakebeam was broken or worn, so that when used it failed to act properly; that said defect was not discovered, or said defect not fixed, owing to the negligence of the defendant, or of some one in the employ of the defendant to whom said duty was in-

trusted; and by reason of said negligence plaintiff was injured as aforesaid. Plaintiff further avers that he did not know that said defect existed."

It is manifest that this complaint makes a good cause of action under section 2590 of the Code of 1886, subdivision 1, of that section; and probably under subdivision 4, also. The defendant pleaded the general issue and contributory negligence, and there were verdict and judgment for the plaintiff. All the questions presented for our consideration were raised by the refusal of the court to give certain charges asked by the defendant.

It can not be supposed that the court is familiar with the mechanical contrivance known as a brake on a railroad car, nor when or how it is liable to become out of repair. Nor can we be presumed to know what causes it to "stick," or refuse to let loose the pressure which retards the free revolution of the wheels, and, of consequence, the movement of the train. These are not matters either of judicial, or of common knowledge. If we were permitted to indulge in conjecture, we would probably find ourselves at a loss to determine whether the brake "stuck," or refused to let loose, in consequence of its being too tightly put on, or from some other cause. This was necessarily a question for the jury, if there was testimony bearing upon it. It must be borne in mind that the burden was on the plaintiff to satisfy the jury by proof that there was a defect in the brake, or in its attached machinery, that that defect existed when the car left Mobile, that it was known to the railroad's employees whose duty it was to look after it, or would have been discovered, if the inspector had employed proper diligence, and that that defect caused the plaintiff to fall from the car and to receive the injury he complains of. For, if the defect is not proven to have existed, when the train left Mobile, or if it was not discoverable upon careful inspection, or if in fact there was no defect, the plaintiff failed to make out his case. So, if the sticking of the brake was the result of putting it on too tight, the plaintiff himself having applied it, or, if the plaintiff slipped and fell, and was not thrown off by the defective brake, or, if the testimony leaves it in equal doubt whether the injury was suffered from the one cause or the other, then the verdict should be for the defendant. *Lehman v. McQueen,* 65 Ala. 570; *McWilliams v. Phillips,* 71 Ala. 80; *Mobile & Birmingham Rwy Co. v. Holborn,* 84 Ala. 133; *L. & N. R. R. Co. v. Davis,* 91 Ala. 487; *Mobile & Ohio R. R. Co. v. George,* 94 Ala. 199; *Tuck v. L. & N. R. R. Co.* 98 Ala, 150.

The entire record shows that plaintiff's right of recovery, if any he had, depended primarily on the inquiry, whether there was a defect in the brake, or in the machinery by which it was worked. Unless there was such defect, and unless that defect caused the injury, plaintiff has failed to take the first—the indispensable step in making good his claim. Appellant contends that there was no testimony tending to show such defect, and, on this theory it requested the instruction that "if the jury believed the evidence they must find for the defendant." This charge was refused, and defendant excepted. The fall took place when the train was leaving Bayou Sara, on its upward trip to Montgomery. Plaintiff testified "That the accident happened at 8 P. M. of said day (February 7, 1890.) This witness could not tell exactly from which car he fell, but stated he was 5 or 8 cars from the caboose. That he was letting off the brakes, having been warned to do so by a signal from the engineer. That he had set up or applied 3 or 4 brakes when said train had reached Bayou Sara, and that he was going back to let off the brakes when the accident happened. That when he got on the car it was "bucking" or "jumping." That he tried to let off the brake and failed; tried a second time and failed; that he had his lantern in his hand, that he set his lantern down, and on the third trial got it off, when he was thrown between the cars. That he considered that the brake on said car had stuck, and that it worked differently from other brakes that he had applied. That if the brake was in order he would have been able to let it off safely with his hands, as he only used his hands in applying it."

On cross-examination he testified "that a car would not "buck or jump" except when brakes were on very tight, or there was a defect in the brakes. That he put on the brake on the particular car, and did not see any thing wrong with the brake. . . That he did not discover any thing different in the car from which he fell when he first went on it than an ordinary car, and only knew that in attempting to let off the brake he was thrown between the cars by said brake, but he could not say from which one of the cars of said train he fell. That it was drizzling rain at the time of the accident, and had been for a short time before. That when brakes stuck, they sometimes had to get the help of another brakeman to release them, but that on this occasion he had not called for any help, but attempted to let it off himself."

Reed, car inspector, was introduced by plaintiff, and testified "that he was a car inspector at Bainbridge in the em-

ploy of the Alabama Midland Railway. That he was the car inspector of defendant at Montgomery in February, 1890, and on the 8th of February was directed by the superintendent or yard master to inspect a train from which they said that Binion fell. . . He found two or three defects in the brakes, to-wit: one car with a brake chain missing, and two others had defective levers, and hangers to the brake beam and part of the brake connections gone in one. That a brakeman on top of a freight train could not apply any brake if the brake chain was gone, nor could he set up and apply any brakes in which all the levers or brake connections were missing. That witness could not tell where said cars lost their brake chains or brake connections, whether at the time of the injury of plaintiff or before. . This witness did not testify from what car the brakes were missing. . . On cross-examination this witness testified that if the parts, the chain or the brake, levers and connections were missing from a brake, it could not be put on at all, and the brakeman would simply turn the staff or rod around without getting any pressure whatever. That he said nothing else about the train or brakes, and there were no other defective brakes on said train."

We have now copied all the testimony given to the jury which tended to prove any fact connected with the disaster which gave rise to this suit. It will be seen that there is an entire absence of proof of any defect in the brake, or in its working, which caused, or could have caused the brake to "stick," or to be difficult to let off. An entire absence of any fact attendant on the release of the brake, which could have tended to throw plaintiff from the car. According to his testimony he fell when the brake was released, but he proves no fact which connects his fall with the liberation of the brake. The inference from his entire testimony is just as reasonable that the brake "stuck" from being put on too tight, or that he fell from losing his balance, or footing, or that he was jerked off by retaining too long his hold on the wheel, when the brake was let off, as that his fall was caused by a defect in the machinery.

There was no fact in testimony which tended to solve this perplexing inquiry; and the burden of proof being on plaintiff, it was his duty to furnish some proof of some fact which tended to show the machinery was defective. We think he failed to do so. And we think the witness Reed not only fails to strengthen his case, but makes it more patent that there is an absence of proof that the machinery of the brake was out of order. True, he found three defective brakes:

[Gamble v. Caldwell.]

"one with a brake chain missing, and two others had defective levers and hangers to the brake beams, and part of the brake connections gone in one." There was no attempt to prove that either of these was the car from which plaintiff fell; and we think the same witness, Reed, proved that such could not have been the case. He testified, "that if the parts, the chain or the brake, levers and connections were missing from a brake, it could not be put on at all, and the brakeman would simply turn the staff or rod around, without getting any pressure whatever." He testified further that "there was no other defective brakes on said train." Now, the plaintiff had testified that a short time before the accident, he himself had put on the brake, and that he found no difficulty in doing so. This he could not have done if it had been one of the brakes Reed, the inspector, found defective. So, we repeat, there was no testimony of any fact tending to show that plaintiff's fall was in any way contributed to by a defective brake, or that the brake he was attempting to let off was in any respect out of order. We repeat, there was no testimony tending to support plaintiff's cause of action. He made no case which entitled him to have his case submitted to a jury. The present case is, if possible, a stronger one for the general charge in favor of the defendant than was the case of *Tuck v. L. & N. R. R. Co., supra.* See also *L. & N. R. R. Co. v. Campbell,* 97 Ala. 147; *L. & N. R. R. Co. v. Allen,* 78 Ala. 494.

The plaintiff, Binion, was the only witness who testified to the facts attending his fall, and the first and second charges asked by defendant ought to have been given. So, charge 17 ought to have been given. Charges 3, 12 and 19 are arguments, and they, together with 13, 20 and 27 were rightly refused. As to 27, this was not a case for the application of that principle.

Reversed and remanded.