# Southworth, Admx. v. Shea.

*Action by Administratrix to recover Damages for Death of Intestate.*

1. *Action for death of intestate alleged to have been caused by negligence; when evidence of plaintiff properly excluded.* In an action by an administratrix to recover damages for the death of her intestate, alleged to have been caused by the negligence of the defendant in failing to maintain lights or other signals to give warning of the existence of a hole dug in the streets of a town and of obstructions piled around it, where the injury in the counts of the complaint is attributed to a fall of the plaintiff's intestate into a hole or upon the obstructions surrounding it, but there is no evidence introduced relating to the character of the injury, to the situation in which the intestate was found, or to the other facts of the case which indicate that the proximate cause of the injuries resulting in his death was a fall into the hole, or upon the obstructions surrounding it, rather than from other causes to which the injury could have been attributed, the plaintiff fails to make out his case, in that he does not show a causal connection between the injuries and the negligence alleged; and, therefore, the court does not err in excluding the evidence of the plaintiff from the jury.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellant, Mary A. Southworth, as administratrix of the estate of James Southworth, deceased, against Thomas J. Shea, to recover damages for the death of the plaintiff's intestate, which was alleged to have been caused by reason of the negligence of the defendant.

Upon the examination of the plaintiff as a witness in her own behalf, and after she had testified that her intestate was her husband, she was asked the following question: "What was his (intestate's) usual time of coming home in the evening?" The defendant objected

to this question, the court sustained the objection, refused to allow the question to be answered, and to this ruling of the court the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FREDERICK G. BROMBERG and BROMBERG & HALL, for appellant, cited *Railroad Co. v. Rouse,* 3 S. E. Rep. 307; *Deschenes v. R. R. Co.,* 36 Atl. Rep. 467; *Felch v. Concord R. R. Co.,* 29 Atl. Rep. 557; *Fordham v. Gourneur,* 55 N. E. Rep. 290; *Boston v. Coon,* 56 N. E. Rep. 287; *Monje v. Grand Rapids,* 81 N. W. Rep. 574.

GREGORY L. & H. T. SMITH, *contra,* cited *Ins. Co. v. Peacock,* 67 Ala. 262; *Pritchard v. Sweeney,* 109 Ala. 659; *Burgess v. Amer. Mfg. Co.,* 115 Ala. 472.

SHARPE, J.—Defendant working under a contract with the city of Mobile made a man hole about two feet wide and five feet deep close to a car track and leading from the street surface to an underground sewer that was being constructed, and had piled beside the hole, dirt and other material which obstructed part of the street. The complaint imputes to him negligence in failing to maintain lights of other thing to give warning of the obstructions. According to the first and third counts of the complaint plaintiff's intestate fell into the hole and in attempting to get out in the only practicable way, which was next to the car track, he was struck and injured by a passing car. By the other counts the injury is attributed to the fall itself, which as averred in the second count, was in the hole, and as averred in the fourth count was on the obstructions. On the trial the evidence was without material conflict. A street car motorman testified to effect that after dark when running his car he discovered the intestate lying with his legs on the car track and his head near the man hole, and that he, the witness, stopped the car as its front platform got above the intestate without hurt-

ing him. Other evidence tended to show the intestate when so found was helped up, said he was not hurt, and with assistance walked home, and that his collar bone and some of his ribs were broken wherefrom, a few days later, he died.

Plaintiff's counsel inquired of a witness "what was his (the intestate's) usual time of coming home in the evening," and an objection made to this question was sustained. This ruling was proper for the purpose of the question was not stated to the trial court, and the question itself did not suggest that a responsive answer would have thrown any light on the matters in controversy.

The evidence relating to the intestate's injury being substantially as above stated, the defendant moved to exclude the whole evidence. The bill of exceptions recites that "upon the arguing of this motion plaintiff conceded that she had not made out a *prima facie* case entitling her to recover under the first and third counts of the complaint." The motion was granted and the propriety of that action is the remaining question here.

The case as presented under the first and third counts need not be considered. If there was error in respect of those counts it was commission, was invited by the plaintiff's concession referred to and is, therefore, not ground for reversal.—Elliott's App. Procedure, § 630.

To make a *prima facie* case for recovery under the other counts it devolved upon the plaintiff to support their averments tending either directly or inferentially to show the intestate received the injuries which caused his death by falling in the hole or on the obstructions. Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause. Such a condition is equivalent to an absence of evidence as to the true cause, and when seen clearly to exist, imposes on the court the duty of determining as a matter of law against any right of recovery dependent upon the establishment of causal connection between the injury and its alleged cause.—*Tuck v. L. & N. R. R. Co.*, 98 Ala. 150; *Wintuska's Admr. v.*

*L. & N. R. R. Co.*, 20 S. W. Rep. (Ky.), 819; *Hughes v. Cin. etc. R. Co.*, 16 S. W. Rep. (Ky.), 275; *Ill. Cent. R. R. Co. v. Cathy*, 12 So. Rep. (Miss.), 253; *Sauer v. Union Oil Co.*, 9 So. Rep. (La.), 566; Thompson Neg. p. 364; Bailey's Per. Inj., § 1672.

Here there is nothing in the evidence whether relating to the character of the injuries, the situation in which the intestate was found, or other fact or circumstance which apart from mere conjecture indicates that the proximate cause of his death was a fall into or on the obstructions rather than a collision with some car other than the one testified about by the witness motorman, or still other possible cause. For lack of such essential connecting evidence, the plaintiff failed to make out her case. That her defeat was accomplished by excluding the evidence instead of by a charge directing a verdict is immaterial.

In determining whether the court or jury should pass on the evidence in a given case, decisions involving different evidence are of small value since the question varies with the variant facts. Principles announced and the conclusion arrived at in *Bromley v. Birmingham Min. R. R. Co.*, 95 Ala. 397, may be conceded to be correct, but the facts of that case and likewise the facts in the other cases cited in behalf of the plaintiff are not such as to make the decisions therein, controlling as precedents in the present case.

Affirmed.