# Louisville & Nashville R. R. Co. v. Lowe.

*Action for Damages for Injury to Employe.*

(Decided Dec. 17, 1908. 48 South. 99.)

1. *Master and Servant; Injury to Servant; Liability Act; Proof.*—Where the cause of action is based on subd. 1 of section 3910, Code 1907, the plaintiff has the burden of showing not only the existence of the alleged defect, and that it was the proximate cause of the injury, but that the defect arose from or had not been discovered or remedied owing to the negligence of the master, or some servant charged with the master's duty.

2. *Same; Evidence.*—The evidence in this case examined and stated and held insufficient to submit to the jury a count of the complaint alleging that a defect in the railroad track was due to the negligence of the defendant.

3. *Same; Instructions; Applicability to Issue.*—Under a complaint containing two counts, the first being for a defect in the railroad track, and the second for the negligence of defendant's engineer in charge of the locomotive which plaintiff was endeavoring to flag in failing to keep a proper lookout, a charge asserting that plaintiff was entitled to recover upon proof of the engineer's negligence occurring after the discovery of plaintiff's peril, notwithstanding plaintiff's contributory negligence in going on the track, was erroneous, as subsequent negligence of the engineer was outside the issue.

4. *Same; Evidence; Conditions After Injury.*—There being no evidence of a change in the meantime, it was competent to show the condition of the track where the injury occurred on the morning following the night of the accident.

5. *Negligence; Actions; Issue; Proof.*—Where a complaint charges specific acts of negligence, the proof is confined to the negligence specified: but if the negligence is charged in general terms, subsequent negligence may be proven.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Edmund M. Lowe against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed

The facts are sufficiently stated in the opinion of the court. The following portion of the court's oral charge was excepted to: "Now, the plaintiff, though he is

[Louisville & Nashville R. R. Co. v. Lowe.]

guilty of negligence himself, is not necessarily preclud-
ed from recovery; because, even if he was guilty of negli-
gence, if the engineer saw him and knew of his perilous
position in time to prevent the injury, and failed to do
it, still plaintiff would be entitled to recover, because
the law says that the subsequent failure of an engineer
to use the means at his command to prevent an injury
would be the proximate cause, and not the other—the
other being simply the creation of a condition upon
which the negligence of the engineer operated." The
first count was for defect in the ways, works, plant, etc.
The second count was for negligence in the failure of
the person, in charge or control of the engine which
plaintiff was attempting to flag, to keep a proper look-
out. There was judgment for plaintiff in the sum of
$4,000.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant.
Counsel discuss assignments of error relative to evidence
but without citation of authority. Under the plead-
ings, the court erred in its oral charge.—*C. Ry. Co. v.
Foshee,* 125 Ala. 199. Failure to keep a lookout is not
subsequently negligence.—*Jones v. Bir. Ry. L. & P. Co.,*
43 South. 37. There must be actual knowledge of the
peril on which to predicate subsequent negligence.—
*L. & N. R. R. Co. v. Young,* 45 South. 239; *Bir. Ry. L.
& P Co. v. Hayes,* 44 South. 1033. The affirmative charge
as to the 1st count should have been given.—*Woodward
I. Co. v. Cook,* 124 Ala. 34; *Tuck v. L. & N. R. R. Co.,*
98 Ala. 150. The 5th charge should have been given.—
*L. & N. v. Young, supra.*

WHITE & EDWARDS, for appellee. The court did not
err in permitting Jones to say what he saw there.—*Jack-
son L. Co. v. Cunningham,* 141 Ala. 206; *L. & N. R. R.*

.Co. v. Woods, 105 Ala. 516; A. G. S. v. Bailey, 112 Ala. 176; 20 A. & E. Ency of Law, 86. The court did not err in the general charge.—L. & N. R. R. Co. v. Webb, 97 Ala. 310; L. & N. v. Watson, 90 Ala. 69; Bir. Ry. L. & P. Co. v. Ryan, 148 Ala. 69. Counsel discuss other assignments of error but without citation of authority.

DENSON, J.—When a cause of action is based on subdivision 1 of the employer's liability statute (Code 1896, § 1749; Code 1907, § 3910), in order to make a case of liability against the master, the plaintiff carries the burden of proving to the reasonable satisfaction of the jury, not only the existence of the alleged defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master or employer, and that the defect was the proximate cause of the injury alleged, but also that the "defect arose from, or had not been discovered or remedied owing to, the negligence of the master or employer, or of some person in the service of the master or employer."— L. & N. R. R. Co. v. Davis, 91 Ala. 487, 494, 8 South. 552; Seaboard Mfg. Co. v. Woodson, 94 Ala. 143, 147, 10 South. 87; Tuck v. L. & N. R. R. Co., 98 Ala. 150, 152, 12 South. 168; L. & N. R. R. Co. v. Binion, 98 Ala. 570, 574, 14 South. 619; L. & N. R. R. Co. v. Baker, 106 Ala. 624, .632, 17 South. 452; Birmingham Rolling Mill Co. v. Rockhold, 143 Ala. 115, 126, 42 South. 96; Tutwiler, etc., Co. v. Farrington, 144 Ala. 157, 165, 39 South. 898; Dresser's Employer's Liability, p. 233, § 49; 2 Dresser's Employer's Liability, p. 96. The defect is alleged to have "consisted in a spike used to fasten the rail to the crosstie on said railroad track at the point where the plaintiff was injured being loose and sticking up so as to catch plaintiff's foot and throw him down."

The only testimony disclosed by the record in respect to the defect is that of the plaintiff and his witness Fred. Jones. The plaintiff testified that he hung his foot under a spike that was in the cross-ties in hollow of the rail, and fell. "I did not see any spike at all. I judge, from the way my foot was caught, that it was a spike." Jones testified that, about 10:30 a. m. of the day after the night plaintiff was injured, he examined the defendant's railroad track where plaintiff got hurt, and saw there a spike pulled up and laid in the middle of the track, and some spikes that were out of the ties (two or three, he thought) around there, a little bit up out of the ties next the flange of the rail. "I did not see where the spike that was loose in the middle of the track came from, I just saw it lying there. I measured the spike that was sticking up with my finger, and from its head to the flange of the rail was the length of the second knuckle of my finger." Assuming that the evidence showed the defect, it is manifestly true that it falls short of showing, or of tending to show, any negligence on the part of the defendant, or on that of its employes, in respect to its existence or to failure to discover it; and in this state of the proof the affirmative charge, requested in writing by the defendant, touching the first count of the complaint, should have been given.—*Birmingham, etc., Co. v. Rockhold,* 143 Ala. 115, 126, 42 South. 96; *Kansas City, etc., Co. v. Webb,* 97 Ala. 157, 162; *United States, etc., Co. v. Weir,* 96 Ala. 396, 402, 11 South. 436, and other authorities *supra; Woodward Iron Co. v. Cook,* 124 Ala. 349, 27 South. 455.

The second count alleges that the negligence consisted in the failure of the engineer in charge or control of the locomotive of the train which plaintiff was endeavoring to flag "to keep a proper lookout." There can be no doubt that under the first, as well as under this count,

the plaintiff should have been confined to proof of the negligence specified, and that he could not recover for negligence not specified.—*Conrad v. Gray,* 109 Ala. 130, 134, 19 South. 398; *Prestwood v. McGowan,* 148 Ala. 475, 41 South. 779. Under counts specifying the negligence of the defendant or of its servant, although the negligence specified may be shown to the reasonable satisfaction of the jury, yet, if the evidence should also reasonably satisfy the jury that the plaintiff was guilty of negligence in going on the track, or in attempting to mount the pilot of the engine, such negligence of the plaintiff should be held a contributing cause of plaintiff's injury; and, being considered along with any antecedent negligence, alleged and proved, on the part of the defendant or of its employes, should bar recovery by plaintiff. Consequently, the negligence upon which the plaintiff relied to fix liability being specifically set out in the complaint here—any negligence on the part of the defendant's servant, occurring after discovering plaintiff's peril, is not embraced in the count, and cannot afford ground for a recovery; and this, notwithstanding the contributory negligence of the plaintiff. Such subsequent negligence was outside of the issues.

But if the complaint had charged negligence generally, without specifying any particular acts, it would have embraced such subsequent negligence, and it would have been within the provable issues made by the complaint.— *Central of Georgia Ry. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006. On these considerations, the error involved in that part of the oral charge of the court excepted to is apparent.—*Johnson v. Birmingham R. L. & P. Co.,* 149 Ala. 529, 43 South. 36.

There is no merit in the exception reserved to the ruling of the court on the admissibility of Jones' testimony in respect to the conditions found by him at the point

on defendant's track where the injury occurred.—*Jackson Lumber Co. v. Cunningham, Adm'x,* 141 Ala. 206, 37 South. 445.

What has been said will afford a sufficient guide for the trial court, should the cause be again tried.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.