# Tennessee Coal, Iron & Ry. Co. v. Harmes.

## Damage for Injury to Employe.

(Decided Feb. 26, 1910.    Denied June 30, 1910.    52 South. 827.)

1. *Master and Servant; Injury to Servant; Evidence; Sufficiency.*—Where it is averred in the complaint that the injury was caused by a defect in the ways, works, machinery or plant, it is essential to recovery to prove the defect and also the negligence of the master in a failure to discover or remedy the defect, or that such defect arose from negligence for which the master was accountable.

2. *Same; Jury Question.*—Where the complaint contained several counts ascribing the injury first to defects in the drawhead, and in the coupling links and coupling pin of a car, and there was no tendencies in the evidence from which it could be inferred that the injury complained of resulted from any other source than the existence of a defect in a coupling link, the employe's case was not made out and the master was entitled to the affirmative charge.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Thomas Harmes by next friend against the Tennessee Coal, Iron and Railroad Company, for damages to the employe. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY, BENNERS & BURR, for appellant. Counsel discuss the issues and the evidence and conclude that the defendant was entitled to the affirmative charge, and in support thereof cite: *L. & N. R. R. Co. v. Lowe,* 48 South. 99; *L. & N. R. R. Co. v. Allen,* 78 Ala. 494; *Western S. C. & F. Co. v. Cunningham,* 48 South. 109.

W. T. EDWARDS, and J. M. CHILTON, for appellee. The evidence in this case was sufficient to require a submission of the questions of negligence authorizing a recovery to the jury.—*Bir. R. M. Co. v. Rockhold,* 143 Ala. 126; *Bir. R. M. v. Myers,* 150 Ala. 344. See, also, 2 Lebatt on M. & S., sec. 834, and authorities cited.

McCLELLAN, J.—Counts 1, 2, and 6, were those upon which the trial was had. They ascribe the injury to defects in the condition of the ways, works, machinery, or plant of the defendant. In their order they aver that the defect existed in the drawhead, the coupling link, and the coupling pin of a car—hot-pot—about which plaintiff was engaged when injured. While there was evidence that the link was defective, there was no evidence of negligence in failure of the defendant, or of others, to whom that duty was committed, to discover or remedy that defective condition of the link, or that it arose from negligence for which defendant was accountable. Proof to that end is essential to a recovery under such a count.—*L. & N. R. R. Co. v. Lowe,* 158 Ala. 391, 48 South. 99; *L. & N. R. R. Co. v. Davis,* 91 Ala. 487, 8 South. 552; *Tuck v. L. & N. R. R. Co.,* 98 Ala. 152, 12 South. 168; *L. & N. R. R. Co. v. Binion,* 98 Ala. 574, 14 South. 619; *Birmingham, etc., Co. v. Rockhold,* 143 Ala. 126, 42 South. 96—among others.

There was no tendency even of the evidence from which it could be inferred that the injury complained of resulted from any other source than the defective link, thus leaving the counts ascribing the injury to defects in the drawhead and pin without any support in the evidence. Accordingly the general affirmative charge on the whole case, requested by the defendant, should have been given. Its refusal was error.

Reversed and remanded. All the Justices concur.