# Sloss-Sheffield S. & I. Co. *v.* Westbrook.

### Injury to Servant.

(Decided June 8, 1915. 69 South. 311.)

**Master and Servant; Injury to Servant; Evidence; Sufficiency.**—The operator of a coal mine is not liable under subdivision 1, § 3910, Code 1907, for injuries to an employee while coupling a tram car, caused by the absence of bumpers on the car, where the evidence merely shows that the car had had bumpers on it; for, to authorize a recovery, the evidence must justify the inference that the bumpers had been broken off long enough before the accident to have afforded the operator time to discover or remedy the defect by the use of the most diligent inspection before the accident.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Emmett Westbrook against the Sloss-Sheffield Steel & Iron Company, for injuries sustained while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. GUNN & POWELL, for appellee.

[Sloss-Sheffield S. & I. Co. v. Westbrook.]

PELHAM, P. J.—Other counts of the complaint having been eliminated in the process of pleading or by charges of the court, the case was submitted to the jury on the third count only. This count charged defects in the ways, works, machinery, or plant of the defendant (appellant) under subdivision 1 of the Employers' Liability Act.—Code, § 3910.

The evidence, so far as necessary to be set out for the purposes in hand, showed that the appellant was engaged in operating a coal mine, and that the appellee (plaintiff) was employed by it as a coupler on a motor car used for hauling trips of cars out of the mine. The motive power by which this car was operated was a gasoline engine. At the time of the injury, the plaintiff was riding on the motor car, engaged in the line of his employment in coupling the power car to a trip of coal cars to be hauled out of the mine. At the end of the motor car where it was the plaintiff's duty to ride, on each side of the coupling chain fastened to the car, there were bumpers, which were so placed for the purpose of striking against bumpers with which the coal cars were supplied when properly equipped, when the cars were brought together for the purpose of being coupled; the bumpers leaving sufficient space between the two cars, when brought together for coupling, to permit of their being safely coupled together with a three-link chain used for that purpose. When there were no bumpers on a coal car with which the motor car was brought in contact for the purpose of coupling, the end of the coal car would jam against the end of the motor car, and make it less safe or more dangerous to attach the chain and couple the cars, because of insufficient space between the cars. The particular coal car which the motor car was moved down upon and against for the purpose of having the coupling made by the plaintiff not being equipped with bumpers, the end of the coal car came in contact with the bumper on the motor car, and caught the apellee's fingers as he was in the act of endeavoring to make a coupling with the coupling link or chain.

The averment of negligence relied upon for a recovery, as set out in the third count of the complaint, is to the effect that the bumpers on the tram car of defendant that caught the plaintiff's hands were *"broken off,"* and this fact is averred as constituting the defect in the ways, works, machinery, or plant of the defendant that was the proximate cause of the injury, and had not been discovered or remedied, owing to the negligence of

the defendant, etc. The evidence in support of the averments of negligence in the third count showed that some of the tram cars had two bumpers, and some one, but that the bumpers were broken off the car the plaintiff was attempting to couple at the time he was injured, and that there was no bumper on this car.

The strongest evidence favorable to the plaintiff relating to the defect is that given by the plaintiff himself, who testified that the bumpers on the tram car were broken off at the time he undertook to make the coupling and got his hand caught and mashed by the cars coming together. This presupposes that the car had been equipped with bumpers, but that at that time (when the injury occurred), from some unknown cause, they had been broken off this tram car. In fact, the evidence seems to be without dispute that the car had had bumpers on it, and the only conflict arises as to the bumpers having been broken off at the time of the injury; the plaintiff's evidence supporting the contention that they were broken off at that time. How long before the accident the bumpers had been broken off we are afforded no light from the evidence. On this point the evidence is silent. Whether a sufficient length of time to put the defendant, or its agents or servants intrusted with the duty of seeing that the ways, works, machinery, and plant were in proper condition, on notice of the existence of the defect and charge the defendant with negligence in the premises, the evidence fails to show. There is no proof in the evidence set out in the bill of exceptions going to show that the defect complained of and relied upon for a recovery under the only count of the complaint submitted to the jury arose from, or had not been discovered or remedied owing to, the negligence of the master or employer, or some person in the service of the master or employer intrusted with the duty of seeing that the ways, works, machinery, or plant were in proper condition.

There is nothing in the evidence from which it can be inferred what length of time before the injury the bumper or bumpers had been broken off the tram car. It is only shown that the bumpers were broken off at the time of the injury. It may have been, for anything shown by the evidence to the contrary, that they had just previously been broken off, only a very short time before—not long enough to have afforded time to be discovered or remedied by the master, or some servant charged with the master's duty, by the use of the most diligent inspection or

[Birmingham E. & B. R. R. Co. v. Wilson.]

careful attention to seeing that the cars were in proper condition.

In the absence of all proof going to show that the bumper had been broken off the car a sufficient length of time to charge the defendant with negligence in failing to discover the defect and remedy it, we think the defendant was entitled to the general charge requested on this count, alleging the negligence in a failure to discover said defect, or remedy the same after discovery, and that the lower court erred to a reversal in its refusal. It cannot, in other words, be said that the defendant was negligent in failing to discover the defect when it is shown that the defect is due to an otherwise safe car in good condition having been rendered defective by the bumper having been broken off it, and no proof made showing, or accounting for, the time this condition had existed, as affording a basis upon which to predicate negligence in failure to discover or remedy that defect. The following authorities will be found to support our conclusion: *L. & N. R. R. Co. v. Lowe*, 158 Ala. 391, 48 South. 99; *Tuck v. L. & N. R. R. Co.*, 98 Ala. 150, 12 South. 168; *Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143, 10 South. 87; *L. & N. R. R. Co. v. Davis*, 91 Ala. 487, 8 South. 552.

Reversed and remanded.