CRAWLEY, Judge,
dissenting.
I dissent, because I do not believe Safe-co presented substantial evidence either that Mobile Power breached a duty to the Loyds or that any breach of duty proximately caused the Loyds’ fire loss.
Bell v. Colony Apts. Co., Ltd., 568 So.2d 805 (Ala.1990), cited by Judge Yates for the proposition that circumstantial evidence is sufficient to establish proof of negligence, is distinguishable. In Bell, a fire occurred SO minutes after the defendant’s employee had made electrical repairs in the area where, it was later determined, the fire had originated. In the present case, the fire occurred two years after Mobile Power had installed the wiring. While a jury could reasonably infer the defendant’s negligence under the facts in Bell, no reasonable jury could infer the defendant’s negligence from the evidence presented by Safeco.
Safeco’s expert testimony was speculative as to the cause of the fire. In Ex parte Diversey Corp., 742 So.2d 1250 (Ala.1999), the Alabama Supreme Court stated:
“Many years ago, this Court gave an excellent explanation of the problem caused when a party presents speculative testimony to prove causation:
“‘“Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.” [Southworth v. Shea, 131 Ala. 419, 421, 30 So. 774, 775 (1901).]
“ ‘But a nice discrimination must be exercised in the application of this principle. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.’
*756 “Southern Ry. v. Dickson, 211 Ala. 481, 486, 100 So. 665, 669 (1924).”
Diversey, 742 So.2d at 1254 (footnote omitted).
The testimony of George Casellas, Safe-co’s expert, was speculative because it did not point to any one theory of causation implicating negligence by Mobile Power. Casellas said that the fire was caused by a loose connection at a lug. He stated that the loose connection could have been caused in one of three ways: improper tightening of the lug at installation; mechanical failure of the lug; or thermal shrinkage of the conductor inside the lug. Only the first of these three causes would have been attributable to negligence on the part of Mobile Power.
The testimony of Ted Blunt, an electrical inspector for the Mobile County Building Inspection Department, ruled out attributing the loose connection to improper tightening at installation. Blunt testified that he inspected the electrical work in and around the ventilation closet where the fire was supposed to have originated. He said all the work was performed in accordance with industry standards and building code specifications and that “the termination was tight and secure” when he inspected it.
The trial court correctly determined that Safeco produced no evidence creating a genuine issue of material fact as to whether Mobile Power was negligent. The summary judgment in favor of Mobile Power should be affirmed.
THOMPSON, J., concurs.