[Louisville & Nashville Railroad Co. v. Davis.]

# Louisville & Nashville Railroad Co. *v.* Davis.

*Action against Employer, for Damages on account of Personal Injuries.*

1. *Error without injury in rulings on pleadings.*—Sustaining a demurrer to a special plea, if erroneous, is not ground of reversal, when the record shows that the defendant had the full benefit of the same defense under his other pleas.

2. *Dangerous service; care and diligence required of employer.*—When a workman is employed in a dangerous service, as in repairing a car on a railroad track, which requires him to get under it, the measure of duty his employer owes him, in running another car in on the track, is "that degree of care which very careful and prudent men exercise in their own affairs."

3. *Variance.*—When the complaint alleges that the plaintiff, while at work under a car which he was repairing, was injured by another car being negligently run down upon it by some person in the defendant's service who had the control and superintendence of said moving car, a recovery may be had on evidence showing that the accident was caused by the negligence of the engineer, who, in detaching and switching off the car, propelled it with too great force.

4. *Injuries caused by defects in machinery, works, &c.; burden of proof.*—Where a recovery is sought for injuries caused by an alleged defect in the defendant's machinery, works, &c., as by a defective brake on a railroad car, the *onus* is on the plaintiff to show that the "defect arose from, or had not been discovered or remedied owing to the negligence of the master or employer," &c. (Code, § 2590); and without this proof a recovery can not be had.

5. *Negligence of yard-master in moving cars.*—The assistant yard-master being charged with the duty of inspecting cars, and removing to the repair track those which were found to need repairs, he is required to discharge that duty with at least such ordinary care as is involved in having them sufficiently manned to control their speed, and to prevent them from colliding with other cars; and this duty is violated, if he fails to put a brakeman on the car being moved, or puts an incompetent brakeman on it.

6. *Same; one-armed brakeman.*—The yard-master himself may, if competent, act as brakeman on the car being moved; but, if he has only one arm, and the evidence shows that he failed to control and check the speed of the moving car, though no defect in the brake was discovered before or after the accident, it is a question for the jury whether he was a competent brakeman.

7. *Using cars of another railroad.*—As to the liability of a railroad company to a person employed in its service, for injuries caused by a defective brake on a car, there is no difference between its own cars and the cars of another road which it is using.

8. *"Running switch" as negligence.*—Whether the use of a "running" or "kicking switch," in detaching and propelling cars, is negligence *per se*, is not decided; but it is negligence to propel the detached cars at a speed of eight or ten miles an hour.

9.  *Error without injury in charges.*—The doctrine of error without injury can not be applied to the refusal of a charge denying the plaintiff's right to recover under one of the counts of the complaint, which was not supported by any evidence, merely because there was evidence tending to support the other counts, and the verdict of the jury was probably founded on them.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon JAMES B. HEAD.

This action was brought by William E. Davis against the appellant corporation, to recover damages for personal injuries sustained by him while in the defendant's service; and was commenced on the 5th February, 1889.   The accident occurred on the 29th June, 1888, when the plaintiff was working on a car which had been put on the repair track, and while he was under the car; another car being run in on the track with such force that it struck a stationary car, and drove it down upon the car on which plaintiff was working, causing one or more wheels to run over him, and inflicting injuries which resulted in the amputation of his right arm at the shoulder, and the loss of the thumb and forefinger of his left hand.   The evidence showed that one McNutt, who was the assistant yardmaster, was on top of the moving car, acting as brakeman; that he had but one arm; that he attempted to check the speed of the car, but the brake failed to work; that the car had been inspected, and was condemned to the repair track on account of a defective wheel, no defect being discovered in the brake.   The jury gave the plaintiff a verdict for $15,000 damages.

The complaint contained four counts.   The first count charged that the injury was caused "by reason of some defect in the brake of said car so run down upon said track, which defect was unknown to plaintiff, and had not been discovered or remedied, owing to the negligence of some person in the defendant's service, and intrusted by defendant with the duty of seeing that the ways, works, &c. were in proper condition, the name of said person being unknown to plaintiff."   The second count charged that the injuries were caused by the negligence of McNutt in moving the car with too great force, that he was in the defendant's service, and had superintendence and control of said car.   The third count charged that the injuries "resulted by reason of the negligence of said McNutt in running said car in and down said track, and causing or permitting it to come in collision with said gondola [stationary car], and in not preventing it from coming in collision with said gondola; that the superintendence of said car was at the time intrusted to McNutt by the defendant, and he was in the exercise of

such superintendence." The fourth count alleged that the car was negligently run down on the repair track, by some person in the employment or service of the defendant, and then having the charge and control of said car; "that the employé who thus negligently caused said car to run down upon said track, and cause said injuries to plaintiff, is unknown to plaintiff; but plaintiff says that he was an employé of defendant, and had charge and control of said car, and had the superintendence of said car, and was at the time in the exercise of such superintendence."

The defendant filed seven pleas, of which the first three each, in substance, was not guilty; the fourth and fifth, each, contributory negligence on the part of the plaintiff, particularly in failing to place a blue flag on the car on which he was working, the signal that some one was working on it; and the sixth and seventh each, in substance, that the moving car which caused the accident did not belong to the defendant, but had been carefully inspected, and ordered on the repair track on account of a defective wheel; and that the injury was caused by a defective brake on the car, which had not been discovered on inspection, and was not caused by any negligence on the part of defendant's servants. The court sustained a demurrer to the sixth and seventh pleas, and issue was joined on the others.

On the evidence adduced, all of which is set out *verbatim* in the bill of exceptions, the court charged the jury, (1) "that the measure of duty the defendant owed the plaintiff, in respect to putting in on the repair track the car which collided with the cars about which plaintiff was working, was that the defendant should exercise that degree of care which very prudent and careful men exercise in their own affairs;" (2) "that if, under the principles of law given them by the court as to what constitutes negligence, they should believe from the evidence that plaintiff's injuries resulted from negligence of the engineer in charge of the engine which was used in putting the car on the repair track, then the averments of the complaint are sufficient to authorize a recovery by plaintiff for such negligence." The defendant excepted to each part of this charge, and then requested twenty-four charges in writing, duly excepting to the refusal of each. Of these charges, the first instructed the jury, that they must find for the defendant, "if they believe that McNutt was not guilty of negligence;" the second, that, if they believed the evidence, "McNutt was a competent brakeman, and there was no negligence in his undertaking to perform the duties of a brakeman in this case;" the third, that they must find for the defendant, if they believed the evidence;

[Louisville & Nashville Railroad Co. v. Davis.]

the fourth, that they must find for the defendant under the first count; the fifth, that they must find for the defendant under the second count; the sixth, that they must find for the defendant under the third count; the seventh, that they must find for the defendant under the fourth count; and the others were as follows:

"(8.)  If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt, then you must find for the defendant under the second count of the complaint."

"(9.)  If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt, then you must find for the defendant under the third count of the complaint."

"(10.  · If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt, then you must find for the defendant under the fourth count of the complaint."

"(11.)  If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt, then you must find for the defendant under the second, third, and fourth counts of the complaint."

"(12.)  If you believe from the evidence that the running switch made at the time the car was started down the track was the proximate cause of the injury to the plaintiff, then, under the pleadings in this case, you must find for the defendant, unless you believe from the evidence that McNutt had charge and control of the engine at the time such switch was made."

"(13.)  If the jury believe from the evidence that McNutt used due diligence in and about the movement of said car, and did all he could do to stop the same before it struck the car which stood in front of the car upon which plaintiff was at work, then you must find for the defendant upon the second, third, and fourth counts of the complaint."

"(14.)  If the jury believe that the car which caused the alleged injury of plaintiff did not belong to the defendant, but was the property of some other railroad corporation, then there can be no recovery by plaintiff under the first count of the complaint, as it was not the duty of defendant to keep said car in proper condition as to its employés under the first subdivision of section 2590 of the Code of Alabama."

"(15.) If the jury believe from the evidence that the car which caused the injury to plaintiff did not belong to defendant, but belonged to some other railroad, and, if they further believe from the testimony that the person in control of said car used ordinary diligence in switching the same on the track where stood the car that plaintiff was at work upon at the time of the alleged injury, and also due diligence in the management of said car after it had been switched upon said track, so as to stop the same before it struck the car in front of the car on which plaintiff was at work; then their verdict must be for the defendant."

"(16.) If the jury believe from the evidence that the car which it is alleged caused the injury, was not the property of defendant, and that it was switched upon the track where stood the car plaintiff was working on at the time of the accident, for the purpose of carrying it to the shops for repairs, then plaintiff has no right to recover under the first count of the complaint."

"(17.) If you believe from the evidence that the proximate cause of the injury to plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt; then, if you further believe from the evidence that, before the car was started down the track, the brake on the car was carefully inspected by McNutt, and that on such careful inspection McNutt could not discover any defects in the brake, then you must find for the defendant."

"(18.) If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt; then, if you further believe from the evidence that, before the car was started down the track, the brake on the car was carefully inspected by McNutt, and that on such careful inspection McNutt could not discover any defect in the brake, then you must find for the defendant under the second count in the complaint."

"(19.) If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was defective, or that the brake failed to act when it was applied by McNutt; then, if you further believe from the evidence that, before the car was started down the track, the brake on the car was carefully inspected by McNutt, and that on such careful inspection McNutt could not discover any defect in the brake, then you must find for the defendant under the third count of the complaint."

"(20.) If you believe from the evidence that the proximate cause of the injury to the plaintiff was that the brake was de-

[Louisville & Nashville Railroad Co. v. Davis.]

fective, or that the brake failed to act when it was applied by McNutt; then, if you further believe from the evidence that, before the car was started down the track, the brake on the car was carefully inspected by McNutt, and that on such careful inspection McNutt could not discover any defect in the brake, then you must find for the defendant under the fourth count of the complaint."

"(21.) If you believe from the evidence that the proximate cause of the injury to the plaintiff was that McNutt was not competent to manage or control the brake, then, under the pleadings in this case, you must find for the defendant."

"(22.) If you believe from the evidence that McNutt could not, with one hand, put on the brake tight enough to stop the car, and that this was the proximate cause of the injury to the plaintiff, then, under the pleadings in this case, you must find for the defendant."

"(23.) That to make a running switch, under the circumstances which the evidence in this case tends to show such switch was made, is not of itself negligence."

"(24.) If you believe from the evidence that the running switch, made at the time the car was started down the track, was the proximate cause of the injury to the plaintiff, then, under the pleadings in this case, you must find for the defendant."

The charges given by the court, the refusal of the several charges asked, and the sustaining of the demurrer to the sixth and seventh pleas, are assigned as error.

HEWITT, WALKER & PORTER, for appellant, argued each of the assignments of error, and cited the following authorities: *Railroad Co. v. Bradford*, 86 Ala. 574; *Wilson v. Railroad Co.*, 11 Amer. & E. R. R. Cases, 113; *Walker v. Bolling*, 22 Ala. 294; *Railroad Co. v. Allen*, 78 Ala. 494; *Smoot v. Railroad Co.*, 67 Ala. 13; *Railroad Co. v. Ledbetter*, 21 Amer. & E. R. R. Cases, 555; *Railroad Co. v. Johnston*, 79 Ala. 436; 5 Amer. & E. R. R. Cases, 480; 23 *Ib.* 431; 15 *Ib.* 196; Patterson's Railway Accident Law, 309.

CUMMING & HIBBARD, *contra*, cited *Gaslight Co. v. Railroad Co.*, 86 Ala. 382; *Insurance Co. v. Copeland*, 86 Ala. 551; *Manning v. Maroney*, 87 Ala. 563 : Shear. & Redf. Negligence, §§ 266, 447; *Railroad Co. v. Jones*, 83 Ala. 382; *Tyson v. Railroad Co.*, 61 Ala. 554; *Railroad Co. v. McAlpine*, 71 Ala. 546; 75 Ala. 113; 59 Ala. 471; 32 N. Y. 597; 85 Ala. 64; 85 Ala. 158.

McCLELLAN, J.—The concession that defendant's 6th and 7th pleas were well pleaded, and that the demurrers to them were not well taken, and should not have been sustained, will not avail the appellant. It is quite manifest that the defendant had the full benefit of the matters thus specially pleaded under the general issue, which was also pleaded; and this being the case, the error, if any, in sustaining demurrers to the plea, will not operate a reversal of the judgment.—*Phœnix Ins. Co. v. Copeland*, 86 Ala. 561; *Manning v. Maroney*, 87 Ala. 563; *L. & N. R. R. Co. v. Hall, Ib.* 708; *Wadsworth v. Hodges*, 88 Ala. 500.

The court, in its general charge, instructed the jury, that "the measure of duty the defendant owed the plaintiff, in respect to putting in on the repair track the car which collided with the cars about which plaintiff was working, was that defendant should exercise that degree of care which very careful and prudent men exercise in their own affairs." This, under our decisions, is a correct statement of the care which it was the defendant's duty to exercise, in view of the position of peril occupied by plaintiff, and the dangers incident to the thing being done by defendant's employés.— *Tanner v. R. R. Co.*, 60 Ala. 621; *Gothard v. Railroad*, 67 Ala. 114; *Cook v. Railroad, Ib.* 533.

The complaint contains four counts. The first bases the right of recovery on the negligence of the defendant with respect to a defect in the brake of the car which collided with that upon which plaintiff was employed. The second and third counts assert a right of recovery, because of the negligence of one McNutt, an employé of the defendant, and at the time in charge of the moving car, in not arresting its progress short of the point of the collision. The fourth count, as we construe it, charges that, while plaintiff was engaged in repairing a car which stood on the "dead," or repair track of the defendant company, another car was negligently run in, upon and down said repair track, by some person in the service of the defendant, who, at the time the said car was run on and down that track, was in superintendence and control thereof. We understand this count to aver that the act by which the momentum was given to the car, which carried it on to or along the dead track, was negligently done, in such sort that too great speed was imparted to it. We concur with the trial court, that a recovery under this count might be predicated on the negligence of the engineer, if he was negligent, in switching the car from another on to the dead track. Charges 1, 7, 12 and 13, requested by the defendant, proceeded on the theory, that no recovery could be had under the fourth

count on account of the negligence of the engineer, and were, therefore, properly refused; and the second exception to the general charge of the court, which proceeds also on that ground, is untenable.

The first count of the complaint is drawn under clause 1, section 2590 of the Code, giving a right of action for an injury "caused by reason of any defect in the condition of the ways, works, machinery or plant, connected with, or used in the business of the employer or master," which, as declared in a proviso to the section, "arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition." In line with a former intimation, we now hold, for the reasons then given, that the *onus* of proving that the defect complained of arose from, or had not been discovered or remedied owing to the negligence of the defendant, or some employé of the defendant charged in that behalf, was upon the plaintiff, and no recovery could be had under this count without such proof. *C. & W. Railway Co. v. Bradford*, 86 Ala. 574. There is evidence in this record that the brake was defective; but this testimony exhibits no tendency whatever to show that the defect was caused by the negligence of the defendant, or any employé, or had not been discovered or remedied because of any negligence on the part of the defendant or its employés. Without such evidence, no recovery could be had under that count, and the court should have so instructed the jury, as requested in the 4th charge asked by the defendant.—*A. T. & S. F. R. R. Co. v. Ledbetter*, 21 Amer. & Eng. Railroad Cases, 555.

It is in evidence that McNutt was assistant yard-master, and as such was charged with the duty, among others, of having cars which, upon inspection, had been found to need repairing, run in upon the "dead," or repair tracks of the company. It was upon him to discharge this duty with at least such ordinary care as is involved in having the cars, while being moved into the yard, sufficiently manned to control their speed, and prevent them colliding with other cars. A failure to discharge this duty, either by omitting to put a brakeman on a car being thus moved, or to put an incompetent brakeman on it, is negligence for which the defendant is responsible under the three last counts of the complaint. And it can make no difference in principle whether he put another on the car, or assumed to discharge this duty in person. If he was not himself a capable and competent brakeman, he was lacking in that care, the observance of which the law imposes on him in undertaking

to discharge the function of controlling the speed of the car, and arresting its motion short of a dangerous collision with other cars or objects.

Whether he was in fact a competent brakeman, was a question for the jury. Pertinent to this inquiry, of course, was his physical capacity, in connection with common knowledge as to the nature of the act of applying a car-brake. That he had only one arm, it seems to us, is evidence tending to show his incapacity to perform the act; and the jury might have been justified in reaching the conclusion that he was not competent to the performance of the duty he undertook, especially when regard is had in this connection to the fact that there is absolutely no proof of a defect in the brake, except that it would not effectively respond to his efforts; but, on the contrary, close inspection, both before and after the accident, failed to disclose any defect whatever, notwithstanding he and other witnesses deposed to his physical capacity. Many of the charges requested by the defendant would have required a verdict for the defendant, although the jury might have believed that McNutt was guilty of negligence in attempting to apply the brake himself, instead of having a competent man to discharge that duty. Thus, charges 8, 9, 13, 17, 18, 19, 20, 21 and 22 involve the idea that no recovery could be had on account of McNutt's incompetency as a brakeman, and were properly refused. It is not a question of the negligence of the defendant company in the employment of McNutt—negligence which is not counted on in the complaint—but of McNutt's own negligence in failing to put a competent and physically capable brakeman on the car about to be moved—negligence which is counted on in the complaint.

Charges 14, 15 and 16 requested by the defendant were bad, in that they, in effect, take a distinction between the measure of a railway company's duty in respect to the condition of the cars which belong to it, and those which, though not its property, are connected with, or used in the business of the company.—Code, § 2590.

Whether to make a "running switch" is, *per se*, negligence, is an immaterial inquiry on this appeal. To make such a switch, in the manner which one phase of the evidence tends to show characterized that mode in this case, we do not doubt was negligent—the car, according to this aspect of the testimony, being switched upon and along the "dead" track, at a speed of eight or ten miles an hour. This consideration serves to determine the assignments of error based on the refusal of the trial court to give charges 23 and 24, against the appellant.

[Thompson v. Louisville & Nashville Railroad Co.]

Of the other charges requested, and all of which we have now considered, some are faulty on other grounds than those to which we have adverted, but we deem it unnecessary to further discuss them.

The 4th charge, which was a general affirmative direction to find for the defendant under the first count of the complaint, should, as we have seen, have been given. It may be, indeed it is probable, that the refusal to give it did not injure the defendant, since it would seem more reasonable that the jury found against the defendant on the 2d, 3d and 4th counts, the averments of which found support in the tendencies of the evidence, than that they so found on the allegations of the first count, which were not supported by any aspect of the testimony; yet we can not feel that assurance that such was in fact the case, which would justify us in holding the error committed in refusing to give the 4th charge to have been without injury to the defendant. For that error, therefore, the judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.