# Citizens' Light, Heat & Power Co. v. Kendrick.

*Injury to Servant.*

(Decided December 17, 1912. 60 South. 526.)

1. *Pleading; Demurrer; Statement of Ground.*—A party cannot complain of the failure to sustain a demurrer to pleading upon a ground not specified in the demurrer.

2. *Master and Servant; Injury to Servant; Complaint; Sufficiency.*—A complaint which attributes plaintiff's injuries to the negligence of an employee of defendant entrusted with superintendence over plaintiff while in the exercise of such superintendence, sufficiently averred that the injury was the proximate consequence of the negligence of the superintendent.

3. *Same; Evidence.*—Where the action was for injury from the breaking of the coupling pin of a wagon used in hauling heavy poles on which plaintiff was riding in the performance of his duties, the fact that the parties from whom the employer hired the wagon were reputable liverymen did not tend to prove that defendant was justified in supposing that the wagon had been properly inspected and found safe by a person informed of the use to which it was to be put, and hence, the court properly excluded the evidence tending to show such a state of fact.

4. *Same.*—Where the action was for injuries to a servant by the breaking of a wagon used by the defendant in hauling heavy poles, the accident having happened while the wagon was returning for

another load of poles, it was competent to show that there was no other way provided for plaintiff to go to the place where the poles were being hauled, and to the place from where they were being hauled, except upon one of the wagons, as tending to show that plaintiff was riding where defendant expected him to ride in the discharge of his duties.

5. *Same.*—Testimony that the wagon used in hauling telegraph and electric light poles, by the breaking of which plaintiff was injured, was not made to haul such poles, was properly admitted as merely descriptive of the wagon, and as not stating a conclusion or opinion.

6. *Same; Negligence; Jury Question.*—Where there was evidence that defendant's superintendent procured and used the wagon without inspection and that because of a discoverable defect it was unsafe, and plaintiff was injured, it was a question for the jury whether or not defendant or its superintendent was negligent in using the wagon for hauling the poles.

7. *Same.*—Where it was not shown without conflict that the defect was not discoverable by the use of due diligence, it was a question for the jury whether defendant was chargeable with negligence in failing to discover the defects.

8. *Same; Safe Appliances; Defenses.*—An employer cannot escape liability for injuries to an employee caused by the breaking down of a wagon on which he was riding by showing that the wagon belonged to a third party from whom the employer hired it.

9. *Same; Contributory Negligence; Jury Question.*—In the absence of uncontradicted evidence that it was unsafe for a person to ride on the hounds of a wagon in the manner in which plaintiff was riding when injured, it was a question for the jury as to whether or not he was negligent, in so riding.

10. *Same; Instructions.*—Where the action was for injuries from the breaking of a coupling pin of a wagon hired by the defendant employer from a third party, and used in hauling heavy poles, and on the hounds of which the plaintiff was riding, a charge asserting that defendant was not liable if it used ordinary care in hiring the wagon for hauling the poles, was improper, since it refers just as well to the exercise of due care in obtaining satisfactory terms for the hire of the wagon as for exercising due diligence in hiring a safe wagon.

11. *Same.*—A charge asserting that if plaintiff's added weight on the hounds of the wagon contributed to the breaking of the coupling pole then plaintiff could not recover, was properly refused as it precluded any inquiry as to plaintiff's want of negligence in so riding.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by J. C. Kendrick against the Citizens' Light, Heat & Power Company for damages for personal inju-

ries. From a judgment for plaintiff, defendant appeals. Affirmed.

The allegations of the complaint and the facts in the case sufficiently appear from the opinion. The following charges were refused to defendant: (1) "If the defendant used ordinary care in the hiring of a wagon for the hauling of the poles, then the defendant could not be held liable by reason of the defect in the coupling pole of the wagon." (2) General affirmative charge. (3) "If the plaintiff's added weight on the hounds of the wagon contributed to the breaking of the coupling pole and to the falling of the plaintiff, then he cannot recover." (4) "If the plaintiff had not been directed to ride on the wagon, and was on the wagon without the consent of the defendant, then he cannot recover." (5) "The wagon in this case was not a part of the ways, works, etc., of the defendant." (6) "If you believe that Brinson & McCabe were reputable liverymen, then there was no duty on the defendant to have examined the wagon." (7) "There was no duty on the defendant to furnish a way for the plaintiff to ride to and from the pole pile, and if, on his own motion, he got on the wagon to ride when it was not provided for that purpose, he cannot recover." (8) "If the jury believe from the evidence that plaintiff was so riding on the wagon at the time of the breaking of the coupling pole as to add to the strain downward on said pole, and thereby assisted or caused said pole to break, and knowing that another man was also sitting in such way as to assist in causing said break, and could have avoided his injury by moving to another part of said wagon, plaintiff cannot recover."

BALL & SAMFORD, for appellant. The court erred in overruling demurrers to the 2nd, 3rd, 4th, 5th and 6th

counts, especially the 2nd count.—*Williamson I. Co. v. McQueen,* 144 Ala. 266; *Reiter-C. Co. v. Hamlin,* 144 Ala. 192; *Smith v. Pioneer M. & M .Co.,* 146 Ala. 234. The master would only be charged with ordinary care in furnishing a safe wagon, and would not be negligent if the wagon furnished was reasonably safe and suitable.—*A. C. C. & I. Co. v. Farington,* 144 Ala. 157; *Woodward I. Co. v. Cook,* 124 Ala. 553; 26 Cyc. 1106. Reasonable care and inspection is all that is required, and unless put on notice of defect, an unusual test or examination is not necessary.—*L. & N. v. Campbell,* 97 Ala. 147; *L. & N. v. Allen,* 78 Ala. 494; *K. C. M. & B. v. Webb,* 97 Ala. 157; *So. Car Co. v. Jennings,* 137 Ala. 247; 26 Cyc. 1109, 1139, 1145. On these authorities it is insisted that the defendant was entitled to the affirmative charge. The defendant was also entitled to the affirmative charge under its plea of contributory negligence. Charge 1 should have been given.—144 Ala. 157; 124 Ala. 353. Under the above authorities it is insisted that the court erred in the admission of evidence as to the character of the wagon, and whether or not they were suitable for hauling poles.

HILL, HILL, WHITING & STERN, for appellee. Count 2 was not subject to the demurrers interposed.—*Creola L. Co. v. Mills,* 42 South. 1019; *Bear C. M. Co. v. Parker,* 134 Ala. 293. While the appellant has waived his assignments of errors as to counts 3 and 5 by not insisting upon them we cite in support of them.—*Gray Eagle Co. v. Lewis,* 161 Ala. 417; *Woolf v. Smith,* 149 Ala. 460; *Chamberlain v. So. Ry.,* 159 Ala. 175; *Clements v. A. G. S.,* 127 Ala. 170. On the same authority count 4 was good. The defendant was not entitled to the affirmative charge.—Authorities supra, and *So. Ry. Co. v. McGowan,* 149 Ala. 440. The conditions were just as

if the driver and the wagon belonged to defendant, and were a part of the ways, works, machinery, etc., and the master is liable as if the conditions were a defect in the ways, works, machinery, etc.—*L. & N. v. Davis,* 91 Ala. 487; 57 L. R. A. 821; 1 Leb. sec. 172; 2 Id., sec. 669a. If the plaintiff was in the performance of his duties when riding on the wagon, then the court could not charge to the contrary.—*So. Ry. v. Bentley,* 56 South. 252. Under the proof the defect was a patent one.—*City of Montgomery v. Comer,* 155 Ala. 423. Counsel discuss the rulings on evidence, but without citation of authority.

WALKER, P. J.—This was an action by the appellee to recover damages for personal injuries alleged to have been received by him in a fall from a wagon upon which he was riding in the performance of his duty as an employee of the appellant. The counts of the complaint upon which the case went to the jury respectively attributed the injuries complained of to the negligence of one Mullican, an employee of the defendant, to whom superintendence over the plaintiff was intrusted, whilst in the exercise of such superintendence; to the defendant's negligence in furnishing a wagon for use in the work to which plaintiff was assigned which was not safe or suitable for the purpose, in that the coupling pin was defective and unsafe, by reason whereof it broke, and caused plaintiff to fall and receive the injuries complained of, and to its negligence in failing to keep said wagon in repair. Demurrers to these counts of the complaint were overruled.

The only count as to which the argument of the counsel for the appellant seeks to point out any specific fault is the second one, the one first above referred to. The defect in that count which is suggested in the ar-

gument is that it fails to aver that the injury was the proximate consequence of the negligence of Mullican, the superintendent. It is a sufficient answer to this suggestion that the objection stated was not specified in either of the grounds of demurrer assigned against that count. Besides, it seems that the count was sufficient in the respect referred to, as it plainly averred that the injuries were caused by reason of the negligence of Mullican whilst in the exercise of the superintendence intrusted to him by the defendant. The other counts are based upon the alleged negligent failure of the defendant in the performance of its duties as an employer to use ordinary care to furnish reasonably safe instrumentalities for the performance of the duties assigned to an employee, and to use ordinary care and diligence to keep such instrumentalities in a reasonably safe condition.—*Sloss-Sheffield Steel & I. Co. v. Long,* 169 Ala. 337, 53 South. 910, Ann. Cas. 1912B, 564; *Woodward Iron Co. v. Cook,* 124 Ala. 349, 27 South. 455; 26 Cyc. 1097, 1136. Counsel do not point out a defect in either of the counts rendering it subject to any ground of demurrer assigned.

There was evidence tending to prove that the plaintiff was a lineman in the employment of the defendant; that, with several other employees, he was assigned to the task of hauling large poles from a place in North Montgomery and distributing them on Perry street, in the city; that two wagons, which were hired on that day by the defendant, were furnished for this work; that at the time of the injury complained of one pole had been hauled on one of the wagons, and the plaintiff and three other hands engaged in the work were returning on that wagon to the pole yard for another pole, the plaintiff sitting on the hounds of the wagon, next to the hind axle, the wagon being without its body, when the

coupling pole broke at the place where the hounds meet
and the coupling pin goes through, causing the plain-
tiff to fall and receive the injuries complained of; that
the coupling pole was in a worn and defective condition
at the place where it broke, the wood being decayed,
and the hole for the pin having become considerably
larger than it was originally; that the defect could have
-been discovered if it had "been examined close enough;"
and that the wagon was put in use by the defendant
without any inspection or examination of its condition.

The court was not in error in excluding evidence to
the effect that Brinson & McCabe, from whom the
wagon was hired, were reputable liverymen. Even if
the defendant could have relieved itself of the duty of
inspecting or examining the wagon before putting it in
use by showing that it had reason to suppose that a
proper inspection of it had been made by its owners, ev-
idence merely as to the general good repute of such per-
sons would by itself have no tendency to prove that the
defendant was justified in supposing that the wagon
had been properly inspected by any one who was in-
formed of the use to which it was to be put, and was
found suitable and reasonably safe for such a use of it.

In the argument of the counsel for the appellant, the
action of the court in overruling objections by the de-
fendant to questions asked the witness Mullican as to
whether the plaintiff had any superintendence intrust-
ed to him or was subject to the orders of the witness is
criticised on the sole ground that the questions called
for the opinions or conclusions of the witness. The
questions were not objected to on such a ground. Be-
sides, they did not elicit improper evidence, as the an-
swers to them went merely to show that the plaintiff's
relation to the work in which he was engaged at the
time he was hurt was that of one of a number of hands

to whom the task of hauling and placing, poles was assigned, the plaintiff not being in charge of or the boss of the work, or having any superintendence intrusted to him.

It was not improper to permit the plaintiff to prove that no other way was provided for his going to the place from which the poles were to be hauled except upon one of the wagons. This fact, in connection with the evidence as to the distance the poles were to be hauled, would have some tendency to show that the plaintiff, when riding on the wagon on its return trip for another pole, was where he was expected by the defendant to be in the discharge of the duty assigned to him.—*Southern y. Co. v. Bentley,* 1 Ala. App. 359, 56 South. 249.

The defendant could not have been prejudiced by the overruling of its objection to the question to the witness Brinson as to the wagons not being made to haul telegraph or electric light poles on, as the answer of the witness was merely descriptive of the wagons, not stating any conclusion or opinion of the witness as to what they were made for.

The several grounds upon which it is claimed in the argument of the counsel for the appellant that the general affirmative charge requested in its behalf should have been given will be considered:

It is suggested, in the first place, that there was an absence of evidence tending to show such negligence in the furnishing of the wagon for use as to render the defendant chargeable with liability either because of the default of the co-employee of the plaintiff who was intrusted with superintendence, whilst in the exercise of such superintendence, or because of the defendant's breach of its common-law duty to furnish reasonably safe instrumentalities intended for the use of its em-

ployees. In view of the evidence tending to show that the employee of the defendant for whose negligence in superintendence the defendant was sought to be charged procured the wagon in question for the defendant, and had it put in use without any inspection or examination of it at all, that, by reason of the defect above referred to, the wagon was unsafe for the use to which it was put, and that the defect was such a one as was discoverable upon an inspection or examination of the wagon, we think it was for the jury to determine, under proper instructions from the court, whether the defendant, or its employee intrusted with superintendence, for whose default it was sought to be charged in one of the counts of the complaint, was lacking in ordinary care or reasonable prudence in putting the wagon in use in the condition in which it was soon found to be.—*Southern Ry. Co. v. McGowan,* 149 Ala. 440, 43 South. 378.

(2) The next suggestion is that as the wagon was the property of a third party, from whom it was hired by the defendant for the occasion, it could not be regarded in the light of an instrumentality or appliance furnished by the employer for use by the employees in its business, and that the employer is not chargeable with negligence in reference to its unsafe condition. There is no merit in this suggestion. The employer's responsibility in reference to the condition of the instrumentalities or appliances furnished for use in its business is the same whether those instrumentalities or appliances belong to him, or to some one else from whom they may have been obtained by hiring or otherwise.—*Louisville & Nashville R. Co. v. Davis,* 91 Ala. 487, 495, 8 South. 552 1 Labatt on Master & Servant, § 172; *Coley v. N. C. R. Co.,* 57 L. R. A. 821, note.

(3) In reference to the contentions that the plaintiff was without right to recover because at the time he was hurt he was at a place at which he had no business to be, as he had received no order or permission to ride on the wagon, and because he was guilty of contributory negligence in riding on the hounds of the wagon, it is enough to say that the evidence was such as to furnish some support for a conclusion that it was in the contemplation of the parties that the plaintiff and the other hands engaged in the work would ride on the wagons in going for the poles to be hauled, and was not such as to exclude a legitimate inference that one in riding on the hounds of the wagon as the plaintiff was doing at the time he was hurt was not chargeable with negligence contributing to his injury. In the absence of uncontradicted evidence to the effect that it is unsafe for one to ride on a wagon in that way, the court would not be warranted in stating it as a proposition of law that it is negligence for a person to ride on the hounds of a wagon which is being used without a body upon it. Under the evidence, these were questions for the jury.

(4) Another contention is that the defect in the coupling pole at the place where it broke was a latent one, and that the defendant was not chargeable with negligence in failing to discover it. There was evidence to the effect that the coupling pole was an old one, and was pretty badly worn, and that its defective condition at the place where it gave way could have been seen "if you examined it close enough." Such evidence made it a question for the jury whether it was consistent with due diligence to put the wagon in use without examining or inspecting its coupling pole at the parts of it at which it might be found to be too badly worn to be safe for the use to which it was about to

be put. Certainly it cannot be said that the evidence without conflict showed that the defect was one which was not discoverable by the use of due diligence.— *Louisville & Nashville R. Co. v. Campbell,* 97 Ala. 147, 12 South. 574 *Southern Car & Foundry Co. v. Jennings,* 137 Ala. 247, 34 South. 1002. We are not of opinion that the defendant was entitled to the affirmative charge in its behalf on either of the theories advanced.

The refusal to give charge 1 requested by the defendant may be justified by the fact that it was so expressed as to be calculated to confine the inquiry as to the exercise of due care by the defendant to its act in "hiring a wagon for the hauling of poles," to the possible exclusion of the inquiry as to its exercise of due care in furnishing safe instrumentalities for the use of its employees. The charge might have been understood as referring to the exercise of care by the defendant in obtaining satisfactory terms for the hire of a wagon. The substance of the legal proposition which it is claimed in argument was properly asserted in that charge is covered by written charge 5 given at the request of the defendant.

Charge 3 was properly refused, as it pretermitted any inquiry as to the negligence vel non of plaintiff in riding on the wagon in the position he was occupying at the time he was hurt. Refused charge 8 is subject to a similar criticism.

So far as the defendant's refused charges 4 and 7 embodied any legal proposition applicable to the evidence, the defendant had the benefit of it in charge 1 given at its instance.

It is admitted in the argument of the counsel for the appellant that refused charge 5 was in effect the general affirmative charge in favor of the defendant. It was calculated to convey the impression, and, indeed,

28 CA

this seems to have been the intention in requesting it, that, under the evidence in the case, the wagon upon which the plaintiff was riding at the time he was hurt was not an instrumentality in reference to which the defendant was charged with any duty of examination or inspection before it was furnished for use by its employees. As has already been shown, the defendant was under the same duty in this regard as if it had bought the wagon and put it in use in its business. As has already been stated, we are not of opinion that the defendant was entitled to a charge to the effect that the evidence did not show any ngligence for which it was chargeable.

Affirmed.