(87 South. 366)

**SEMINOLE GRAPHITE CO. v. THOMAS.**
(5 Div. 774.)

(Supreme Court of Alabama. Dec. 16, 1920. Rehearing Denied Jan. 20, 1921.)

1. **Appeal and error** ⬦655(1) — **Motion to strike transcript on ground of delay comes too late after submission.**

A motion after submission of the appeal on regular call to strike the transcript on the ground that there was no certificate by the clerk that it was a full and true reproduction of the record in accordance with Code 1907, § 2848, and that it was not filed within the 60 days prescribed by Act Feb. 15, 1919 (Laws 1919, p. 84), comes too late particularly where it was not suggested that the transcript omitted anything it should contain.

2. **Master and servant** ⬦106(2)—**Defects in premises of third person held not breach of duty.**

Where large grinding rocks belonging to defendant were gratuitously stored by warehouseman, and when defendant's servant came to get the rocks, he was injured by fall of one of them due to a defect in the floor of the warehouse, defendant, having no control over the warehouse, was not liable for any defect in the floor either at common law or under the Employers' Liability Act (Code 1907, § 3910, subd. 1), and hence any rights which the servant may have were against the warehouseman, and not defendant.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Action by Ellis Thomas against the Seminole Graphite Company for damages for per-

sonal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

The defendant was entitled to the affirmative charge—first, because it had no custody or control of the warehouse, and was in no way responsible for the condition of the floor; second, because the floor of the warehouse was not a part of defendant's ways, works, etc.; third, there was no defect in the floor which caused the accident; and, fourth, appellant discharged his full duty to appellee, since the floor was safe and properly used. In inverse order, the following authorities support the above contentions. 203 Ala. 462, 83 South. 327; 186 Ala. 181, 65 South. 28; 200 Ala. 251, 76 South. 17; 98 Ala. 570, 14 South. 619; 183 Ala. 132, 62 South. 757; 183 Ala. 127, 62 South. 536; 70 Conn. 573, 40 Atl. 462, 41 L. R. A. 200, 66 Am. St. Rep. 133; 248 Pa. 463, 94 Atl. 136; 205 Pa. 253, 54 Atl. 896; 168 Mass. 395, 47 N. E. 125; 98 N. E. 1029; 230 Mass. 423, 119 N. E. 951; 74 N. E. 337; 9 Ga. App. 699, 72 S. E. 64; 139 Ga. 431, 77 S. E. 581; (C. C.) 71 Fed. 143; 118 Mo. App. 163, 94 S. W. 747.

James W. Strother, of Dadeville, for appellee.

The duty of the master to provide a reasonably safe place, and to provide ways, works, etc., that are reasonably safe for the purposes for which they are to be used, is the same, whether owned by the master or hired by him, or procured in some other way, and this duty is nondelegable. 144 Ala. 157, 39 South. 898; 149 Ala. 440, 43 South. 378; 91 Ala. 487, 8 South. 552; 6 Ala. App. 423, 60 South. 526; 202 Ala. 369, 80 South. 451; 1 Labatt on M. & S. 172; 128 N. C. 534, 129 N. C. 407, 39 S. E. 43, 40 S. E. 195, 57 L. R. A. 821, and note. On these authorities the court properly submitted the issues to the jury.

McCLELLAN, J. [1] According to the certificate of appeal, this appeal was perfected on March 31, 1920. The bill of exceptions was signed on that date. The transcript was filed in this court on October 26, 1920. The appeal was submitted, on regular call, on November 18, 1920. After submission, on November 27, 1920, the appellee filed a paper, along with brief, in which he moves the court to strike the transcript assigning these grounds; that there is no sufficient certificate by the clerk of the trial court that the transcript is a full and true reproduction of the record in the court below (Code, § 2848); and that the transcript was not filed in this court within the 60 days prescribed in the act approved February 15, 1919 (Gen. Acts, pp. 84–86). The motion comes too late after sub-

mission; so with respect to both its grounds. Furthermore, it is not suggested that the transcript omits any matter it should contain; nor does the appellee seek the setting aside of the submission and certiorari to perfect the transcript.

### On the Merits.

The plaintiff (appellee), a servant of the defendant (appellant),. who was injured while serving his master, stated his case in counts under subdivision 1 of Code, § 3910, ascribing his injury to a defect in the condition of the ways, etc., of the master, and in counts averring a breach of the master's common-law duty to exercise reasonable care to furnish the servant with a reasonably safe place in which to work.

At the time plaintiff was injured he was engaged, in the town of Sylacauga, in removing large, circular grinding rocks from the warehouse of Smith Bros. to the plant of the appellant seventeen miles distant. Plaintiff drove the truck on which he was proceeding to load one of these rocks and had charge of the operation. The rocks had been shipped by rail to the appellant at Sylacauga, and, upon arrival there. were taken from the railway into the warehouse to await removal to appellant's plant. The storage of the rocks for this purpose, obviously temporary, was an act of good neighborhood on the part of Smith Bros. toward appellant. The warehouse, a large building, was partially floored with wood, the floor being two or three feet below the sill of 'the doors through which, from a platform, material passed into or out of the warehouse on the railway side. To bridge the difference in elevation between the floor and the doorsills, and facilitate the movement of material into and out of the warehouse, a "runway" of gradual incline was constructed. At the time he was injured, the plaintiff, assisted by two helpers, was rolling one of these circular rocks toward the foot of the "runway," and the rock, falling to the side, caught plaintiff, breaking his leg. The evidence for the plaintiff tended to show that the tilt and fall of the rolling rock was due to the yielding of the floor of the warehouse under the weight of the rock.

The general rule is that—

The "duties that an employer owes to his employees relate only to the premises and instrumentalities over which the employer has complete control and dominion. Otherwise he might be made responsible for the negligence of third persons with reference to premises he had never seen, and about the condition of which he knew, and perhaps could know, nothing." 18 R. C. L. pp. 585–6; case note to Wilson v. Valley Imp. Co., Ann. Cas. 1913B, 796–798; Channon v. Sanford Co., 70 Conn. 573, 40 Atl. 462, 41 L. R. A. 200, 66 Am. St. Rep. 133.

It appears from the evidence in this case that the defendant (appellant), whose servant the plaintiff (appellee) was on this occasion, had no control over the premises on which the plaintiff was at work when he was injured. In this condition of the evidence, in accordance with the principle stated, no duty rested upon the defendant, either at common law or under our Employers' Liability Act, to exercise any care to see that the floor of this warehouse was reasonably safe for the purpose for which it was being used at the time the plaintiff was injured. Whatever right or remedy this plaintiff had was against a third person, the owner of the warehouse. The cases of L. & N. R. Co. v. Davis, 91 Ala. 487, 495, 8 South. 552, and Citizens' Light Co. v. Kendrick, 6 Ala. App. 423, 60 South. 526, cited on the brief for appellee, do not hold to the contrary of the stated doctrine, so generally accepted in this country. These cases simply hold, in the particular here pertinent, that an employer cannot escape liability for injury to an employee by reason of the fact that the premises or instrumentality belongs to another. Neither of these cases attempts to contradict the obviously sound doctrine essential to a master's liability that, in the absence of a special contract, the master must have such control as would enable the master to meet the exaction of duty in the premises.

The defendant was entitled to the general affirmative charge; the duty alleged in the complaint being in no degree supported by the evidence.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS. JJ., concur.