Annie Mae **BRAZIER**, Appellant,

v.

The **GREAT ATLANTIC & PACIFIC TEA COMPANY**, Appellee.

No. 17057.

United States Court of Appeals
Fifth Circuit.

June 13, 1958.

Dorothy A. Smith, Charles J. King, Deerfield Beach, Fla., Grimditch & Smith, Deerfield Beach, Fla., for appellant.

H. Eugene Fischer, Richard B. Adams, Miami, Fla., Brown, Dean, Adams & Fischer, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether, in a common law action for negligence, an employee is entitled to recover from her employer damages for personal injuries sustained when she fell while returning from a refreshment stand across the street from employer's premises, by reason of the unsafe condition of the temporary walk-way provided by outsiders who were engaged in paving the street, when the employer had "directed" the employee to take a "coffee-break" and had provided no coffee on the premises. Plaintiff (appellant) Brazier brought a civil action against defendant (appellee) The Great Atlantic & Pacific Tea Company, and her complaint was dismissed for failure to state a claim upon which relief could be granted. She was given the right to amend and a like motion was filed against her amended complaint, and judgment was entered dismissing on the same grounds, without the right to amend. The appeal is from that judgment.

The amended complaint, after reciting that defendant had rejected the Florida Workmen's Compensation Act, F.S.A. § 440.01 et seq., alleged that plaintiff had been directed to take a coffee-break of fifteen minutes and, no coffee being available on the premises, she had gone, as was customary with the employees, to a refreshment stand across a street which was being paved. Upon her return trip, she fell. She based her claim of liability on the duty she claimed her employer owed her to furnish a reasonably safe place for the taking of a coffee-break and its alleged negligence in permitting her to walk along the unsafe route to and from the refreshment stand.[1]

---

1. Pertinent portions of the complaint are as follows:

"On the 27th day of May, 1954, the plaintiff was employed by the defendant corporation as a meat wrapper * * * and on said date the plaintiff was directed by the defendant corporation to take a coffee break * * *. Although the defendant corporation directed the plaintiff and its other employees at the aforesaid location to take periodic and regular coffee breaks, it did not have refreshment facilities on the premises and it was necessary and customary for the defendant's employees to obtain their coffee or refreshment at a shop located across East Sunrise Boulevard from the defendant's premises, which necessity and custom of the defendant's employees was expected and anticipated by the defendant.

"On the aforesaid date East Sunrise Boulevard was being widened, improved and repaved, and there was a walkway provided for pedestrians. The fact that East Sunrise Boulevard was undergoing certain repairs and improvements was, or should have been, well known to the defendant corporation. The fact that said improvements and repairs which were being made * * * caused East Sunrise Boulevard at the place designated for pedestrians to cross to be rough, sandy, rocky, dangerous, irregular, unsafe and hazardous for pedestrians was or should have been well known to the defendant corporation.

"In accordance with the directions received from the defendant corporation and while in the scope of her employment, the plaintiff * * * left the defendant's premises, proceeded across East Sunrise Boulevard * * * by the designated walk way and had coffee, and * * * proceeded back across East Sunrise Boulevard at the same walk way. While so returning across East Sunrise Boulevard, as a result of the rough, sandy, rocky, dangerous, irregular, unsafe and hazardous condition of said walk way, fell and sustained serious injuries.

With refreshing candor plaintiff concedes that the employer is not an insurer of the safety of its employees and is liable only in case it has been negligent, breaching some duty imposed on it by law.[2] She quotes also a statement to the effect that it is necessary to show that the injury complained of was one which might have been anticipated by the employer. She thereupon epitomizes the question she conceives to be presented by her complaint:

"It is not suggested that an employer is responsible for the care and maintenance of the public streets used by his employees, but it is submitted that this is not the question raised by Appellant's First Amended Complaint. The question is whether an employer who directs an employee to take a 'coffee break' under the circumstances as alleged owes such employee a duty to provide a safe place for such 'coffee break.' "

*"That it was the duty of the defendant to furnish the plaintiff with a reasonably safe place to take a coffee break and having failed to do so, should have anticipated that the plaintiff might suffer an injury by reason of the dangerous, hazardous and unsafe condition of the street* which the defendant expected the plaintiff to cross.

"By reason of the negligence of the defendant in disregarding its duty to the plaintiff and by reason of the negligence and carelessness of the defendant in allowing, permitting and expecting the plaintiff to walk across dangerous, hazardous and unsafe ground while in the scope of her employment the plaintiff, as a direct and proximate cause of the aforesaid fall and as a direct and proximate cause of said injuries, suffered great permanent and irreparable injuries * * *." [Emphasis supplied.]

2. Plaintiff quotes 35 Am.Jur., Master and Servant, § 121, page 550: "It is elemental in every case involving the liability of an employer for an injury to his employee that * * * there can be no recovery unless the master has been negligent,—has been guilty of some breach of duty owing by him to the servant."

We reject as without support in law or in reason the argument that the employer was obligated to provide a coffee break and the argument that, having granted the gratuity, it was under duty to provide the refreshments on its premises.

Nor do we think that the dismissed complaint set forth facts creating any liability on the part of the defendant for the condition of the public street over which the plaintiff passed to get her coffee. She cites no authority remotely sustaining her position. American Jurisprudence constituting the only authority upon which she relies, we quote the general rule there stated which is directly contrary to what the plaintiff asks us to hold.[3] Words of identical import were used by the Supreme Court of Alabama in Seminole Graphite Co. v. Thomas, 1921, 205 Ala. 222, 87 So. 366, 367, and the whole question was carefully considered and the rule documented with many authorities by the Supreme Court

3. 35 Am.Jur., Master and Servant, § 174, pp. 602–603:

"As a general rule, the peculiar duties that an employer owes to his employees and the rules which require him to use reasonable care to furnish safe places and equipment relate only to the premises and instrumentalities over which the employer has complete control and dominion. Were the conclusion otherwise, the employer might be held liable for the negligence of a third person with reference to premises which he had never seen and concerning the condition of which he knew, and perhaps could know, nothing. The merchant would, in effect, be liable to his clerk for the negligence of the customer with respect to the safety of the premises upon which the clerk goes to deliver his master's goods, and the master plumber or carpenter to his workman for the negligence of the householder upon whose premises he sends the workman simply to make some slight repairs. In all such cases the employee, if injured without fault on his part, by the negligent failure of the owner or occupier of the instrumentalities or premises to keep them in a reasonably safe condition, has his remedy against such owner or occupier, and, in the absence of some agreement to that effect, has none against the employer."

of Mississippi in Dravo Corp. v. Copeland, 1941, 190 Ala. 269, 199 So. 769, 770. No authority to the contrary has been cited, and we have found none.

We draw again upon a quotation by plaintiff in her brief from 35 Am.Jur., Master and Servant, § 478, p. 895: "It is not sufficient to state mere inferences, as distinguished from facts, or to allege in general terms that it was the duty of the defendant to do this or to do that. Such an averment is the statement of a conclusion, not of a fact. The general rule in such cases is that the pleader must distinctly set forth the facts which he claims created the duty that has been violated; and from the facts so stated, the court will determine as a matter of law the existence or the nonexistence of the duty * * *." The court below performed this duty and, in our opinion, reached the only conclusion it could have reached in holding that the complaint did not state a claim upon which relief could be granted.

We do not think that the court below committed harmful error in providing in its order of dismissal that further leave to amend was not provided. Appellant did not indicate and has not argued before us that she is in possession of any facts which would aid her case in addition to those set forth in her amended complaint. The inclusion of the words denying further right to amend do not add anything to what is provided in Rule 41(b), F.R.C.P., 28 U.S.C.A., and would not affect any right appellant might have to bring a new action if new facts should be discovered. Cf. Estevez v. Nabers, 5 Cir., 1955, 219 F.2d 321; Mullin v. Fitzsimmons & Connell Dredge & Dock Co., 7 Cir., 1948, 172 F.2d 601; and Sardo v. McGrath, 1951, 90 U.S.App. D.C. 195, 196 F.2d 20.

Finding no error in the action of the court below, its judgment is

Affirmed.

RIVES, Circuit Judge (dissenting).

The cardinal rule of construction of the Federal Rules of Civil Procedure is to secure a *just* determination of every action. Rule 1. Specifically, the courts should grant leave to amend "freely * * * when justice so requires." Rule 15(a). Here, after only one amendment, the district court dismissed the complaint *"without leave to amend."* To be sure, the allowance of an amendment after dismissal lies within the discretion of the trial court, but usually the court denies leave to amend only "where plaintiff has had several opportunities to state a claim and has not been able to do so." 3 Moore's Federal Practice, 2nd ed., Paragraph 15.10, p. 839.

The complaint alleged that the plaintiff, a single woman, was severely and permanently crippled and rendered completely unable to earn a livelihood. As I understood appellant's female counsel, upon oral argument, her real complaint was that no facilities were provided in appellee-defendant's store building for female employees to go to the toilet or to attend to necessities of personal hygiene, and that they had to go across the boulevard during the so-called "coffee break" for such purposes. I think that she should be given an opportunity to amend her complaint to make such a charge plain.

Unless this Court so orders, she cannot, after affirmance, make that amendment in the district court. See Von Wedel v. McGrath, D.C.N.J.1951, 100 F.Supp. 434, affirmed 3 Cir., 1952, 194 F.2d 1013. The suggestion toward the close of the majority opinion that the denial of leave to amend "would not affect any right appellant might have to bring a new action if new facts should be discovered" probably affords no comfort to the appellant-plaintiff in view of the statute of limitations, F.S.A., Sec. 95.11, and the date of injury, May 27, 1954. In my opinion, justice requires that appellant-plaintiff be given leave to amend, and I, therefore, respectfully dissent from the affirmance of the denial of such leave.