**FEUERSTEIN et al. v. ZUKOR et al.**

No. 218, Docket 21277.

United States Court of Appeals
Second Circuit.

May 9, 1949.

Riegelman, Strasser, Schwarz & Spiegelberg, of New York City (George A. Spiegelberg, Walter J. Fried and Robert H. Preiskel, all of New York City, of counsel), for appellants.

Phillips, Nizer, Benjamin & Krim, of New York City (Walter S. Beck and Seymour Shainswit, both of New York City, of counsel), for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Supreme Court has told us that, in litigation like this, we must apply the rationale of the pertinent New York decisions. That is not too easy a task. For we had no part in contriving that rationale, and we must spell it out of cases decided at different dates and not by the highest court of the state, so that we are in danger of matching cases in a merely mechanical manner without an adequately sensitive comprehension of the policy which motivated the New York judges or the policy which the judges of its highest

court would employ. Aware of that danger, we have done our best to avoid it.

 Having done so, we conclude that, no matter what we would otherwise decide, the agreement is so indefinite as to duration as to render it terminable at will. We think that it comes within the ruling of Lyon v. Riddle, 214 App.Div. 803, 210 N.Y.S. 880, and not within that of Potter v. City of New York, 59 App.Div. 70, 71, 68 N.Y.S. 1039. In the Potter case, the court held that "the employment is for a fixed period" because "dependent upon the duration of a distinct job or piece of work, which as a job is fixed and determined by the period of time required in its fulfillment." In the Lyon case, the court distinguished the Potter case because there was not an agreement for "carrying out a particular job according to one plan or design. His work involved the constant preparation of new plans or designs, in which the element of definiteness is lacking." Plaintiffs, stressing the provision about profit-sharing, argue that they were obligated to work until the completion of the "subdivision and development." But that term, in the light of the New York cases, is insufficiently definite. If it means until completion of the project to give effect to the profit-sharing provision, the answer is that such a time might never arrive, for no one knows whether any profits will ever accrue. If it means until completion, regardless of profit or loss, the answer is that no one knows when completion will come, since we believe the New York courts would hold that to say how long it takes to finish "a subdivision and development" is almost like saying "how big is a piece of wood."

Plaintiffs have made no claim for the services performed before defendants terminated. At the oral argument, defendants' counsel stated that whatever was due plaintiffs for such services had been paid out of the funds advanced by defendants; and plaintiffs' counsel did not dispute that statement.

Plaintiffs have not in their complaint alleged any facts outside the agreement and not covered by the parol evidence rule which would lend a different interpretation to the document; we leave to the district court the question whether plaintiffs, if they so request, should be permitted to amend their complaint to include such allegations.[1]

Affirmed.

CLARK, Circuit Judge (concurring in the result).

I agree generally; but with reference to the suggestion for possible amendment to the complaint, I think it needs to be made wholly clear that the district court's power in this regard is to be found in amended Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., whose provisions must be satisfied before such a step can be taken.

---

[1] We do not now consider whether the agreement falls foul of the lack-of-mutuality rule, as it is discussed in the New York decisions; cf. Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214; Oscar Schlegel Mfg. Co. v. Peter Cooper's Glue Factory, 231 N.Y. 459, 132 N.E. 148, 24 A.L.R. 1348.