**VON WEDEL v. McGRATH, Atty. Gen.**

**Civ. 11422.**

United States District Court
D. New Jersey.

Oct. 2, 1951.

Milton, McNulty & Augelli, Joseph Keane, all of Jersey City, N. J., Robert P. Patterson, Francis J. Sypher, New York City, for plaintiff.

Alfred E. Modarelli, U. S. Atty., Edward V. Ryan, Asst. U. S. Atty., Newark, N. J., Irving Jaffe, Chief Trial Attorney Office of Alien Property, Washington, D. C., for defendant.

MEANEY, District Judge.

The original complaint in this case was dismissed for failure to state a claim upon which relief could be granted, Von Wedel v. Clark, D.C., 84 F.Supp. 299, affirmed Von Wedel v. McGrath, 3 Cir., 180 F.2d 716, certiorari denied 340 U.S. 816, 71 S. Ct. 45. Plaintiff now seeks leave to file an amended complaint upon the grounds that:

"(1) Justice requires that the plaintiff be given an opportunity to correct the original complaint dismissed by order of this Court dated June 14, 1949;

"(2) Plaintiff has only recently been able to verify the additional facts alleged in the amended complaint;

"(3) Justice requires that all issues between the parties may be fully litigated in this action."

Rule 15(a), F.R.C.P., 28 U.S.C., provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." However, after a judgment of dismissal the filing of an amended complaint may be permitted only under the rules pertaining to setting aside or vacating judgments. Kelly v. Delaware River Joint Commission, 3 Cir., 1951, 187 F.2d 93; Feddersen Motors, Inc., v. Ward, 10 Cir. 1950, 180 F.2d 519; Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517; United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453; Cf. Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., 6 Cir., 1949, 178 F.2d 570. See: Rule 60, F.R.C.P.

Defendant suggests that the court is without power to vacate the judgment herein because it has been affirmed on appeal. It is true that a district court is without power to alter the substance of a

judgment affirmed by the court of appeals. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 1940, 112 F.2d 387; International Railway Co. v. Davidson, D.C.W. D.N.Y.1945 65 F.Supp. 58; Maddrix v. Dize, D.C.Md.1945, 61 F.Supp. 946. But where the legal effect of the affirmance is not to be disturbed, a judgment may be reopened. In re Harbor Stores Corporation, D.C.S.D.N.Y.1940, 33 F.Supp. 360. It would seem to be proper, therefore, to permit an amendment even after dismissal and affirmance on appeal if the circumstances so warrant. See: Feuerstein v. Zukor, 2 Cir., 1949, 174 F.2d 371. And it is not necessary that a preliminary petition be made in the appellate court. Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 1942, 127 F.2d 716.

■ Plaintiff admits her reasons for seeking to set aside the judgment do not come within any of the first five numbered clauses of Rule 60(b).[1] The court agrees. It is not now suggested that the facts sought to be alleged in the amended complaint are newly discovered but that "Plaintiff has only recently been able to verify the additional facts * * *". This reason is insufficient under clause (2) of Rule 60(b) because the evidence sought to be presented must have been such that by due diligence it could not have been discovered. Plaintiff's affidavit shows that no attempt was made to substantiate the claims now sought to be asserted until after the court of appeals had affirmed the judgment of this court, and that plaintiff's attorney had advised against including additional allegations in the complaint.

■ Plaintiff relies, however, on the "other reason" clause of Rule 60(b) asserting that her desire to submit an amended complaint is a sufficient reason to invoke the

court's discretion in vacating the judgment. Attention is directed to language in the case of Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 390, 93 L.Ed. 266 wherein it was said that, "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." This language, however, must be construed in the light of the situation as it was there presented. In the Klapprott case an extraordinary situation was alleged wherein the petitioner claimed to have been utterly unable to present evidence in his behalf. In this case plaintiff was not prevented from pleading the allegations now sought to be made but freely and voluntarily chose to rest the case on the facts as originally alleged. Justice has been served when a party has had an opportunity to present its allegations of fact. Plaintiff had her day in court. The " * * * choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate * * * that (her) decision * * * was probably wrong * * *. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." Ackermann v. United States, 1950, 340 U.S. 193, 198, 71 S.Ct. 209, 211. See also: Young v. Garrett, 8 Cir., 1947, 159 F.2d 634; Carpenter v. Rohm & Haas Co., D.C.Del.1949, 9 F.R. D. 535, affirmed 3 Cir., 180 F.2d 749, certiorari denied 340 U.S. 841, 71 S.Ct. 30; Jones v. Kennedy, D.C.D.C.1942, 2 F.R.D. 357.

In view of the foregoing, the court holds that plaintiff's desire to file an amended

---

1. Rule 60(b) provides as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

 

complaint under the circumstances here presented is not a sufficient reason to justify vacation of the judgment of dismissal heretofore entered. Plaintiff's motion will therefore be denied.